DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*



FILED
MAY 23 2007
USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

FORTIS CORPORATE INSURANCE, N.V.,           :

            *Plaintiff,*                    :

  - against -                                :

UNITED VAN LINES, LLC,                      :

            *Defendant.*                   :
------------------------------------x

07 CIV. 4050

07 Civ.

JUDGE SWEET

**COMPLAINT**

    Plaintiff, Fortis Corporate Insurance, N.V. (hereinafter "Fortis" or "Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

    1.    All and singular the following premises are true and constitute claims arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. §1337(a) and pursuant to the Carmack Amendment codified at 49 U.S.C § 14706, and/or otherwise arise under federal law within the meaning of 28 U.S.C. § 1331, and/or are supplemental claims to certain of the foregoing claims within the meaning of 28 U.S.C. § 1367.

    2.    At all material times, Plaintiff Fortis Corporate Insurance, N.V., was, and now is, a foreign corporation with a place of business in Belgium, and was, at all material times, the insurer the shipment which is the subject matter of this action.

3.    Defendant United Van Lines, LLC (hereinafter "UVL" or "Defendant") is a corporation or other business entity incorporated in and organized and existing under and by virtue of the laws of the Missouri with it principal office and place of business located at One Premier Drive, Fenton, Missouri, and was and now is engaged in business as a common carrier of merchandise by Motor Vehicle.

4.    Defendant runs routes through and thus can be found in and resides in this District within the meaning of 28 U.S.C. § 1391 (b)(1) and (c). Defendant here thus does business in and thus resides in the same state within the meaning of the said statute. In addition, within the meaning of the Carmack Amendment, 49 U.S.C. § 14706(d), venue is also proper in this District because Defendant is the delivering carrier and does business and operates trucks and routes throughout the 48 contiguous United States, including the State of New York and the area comprising the Southern District of New York.

5.    On or about December 5, 2005, there was shipped by AGFA/Medical a shipment which consisted of AGFA Medical Property, then being in good order and condition (the "Shipment"). Defendant United Van Lines arranged, received and accepted the Shipment at Chicago, Illinois. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant United Van Lines further agreed to transport and carry the said Shipment to the New York metropolitan area and deliver same in like good order and condition. The carriage was described in a certain bill of lading issued by Defendant United Van Lines and numbered 626-07242-5 dated on or about December 5, 2005.

6.    Thereafter the Shipment was delivered but not in like good order and condition as

when shipped, accepted, and received by Defendant, but on the contrary the shipment was seriously damaged and impaired in value, all in violation of Defendant's obligations as a carrier.

7. Plaintiff insured the Shipment and paid certain damages incurred by its assured, due to the Shipment having been damaged. Plaintiff brings this action and Plaintiff is duly entitled to maintain this action.

8. Plaintiff and its assured have performed all conditions on their parts to be performed.

9. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $60,000.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES UNDER THE CARMACK AMENDMENT

10. Plaintiff incorporates herein by reference the allegations of paragraphs 1- 9 above.

11. By reason of the foregoing, the Defendant was a carrier of merchandise within the meaning the Carmack Amendment, 49 U.S.C § 14706, and breached its duties as a common carrier under that law and under the contract of carriage.

12. By reason of the foregoing, the Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $60,000.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

13. Plaintiff incorporates herein by reference the allegations of paragraphs 1-12

above.

14. The Defendant was acting as a bailee of the Shipment at the time it was damaged. The Defendant thereby, or through its contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to it and to perform its services as bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendant breached those bailment obligations and negligently failed to deliver to Plaintiff, or its designees, the Shipment.

15. By reason of the foregoing, the Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $59,094.00.

### THIRD CAUSE OF ACTION

#### NEGLIGENCE

16. Plaintiff incorporates herein by reference the allegations of paragraphs 1- 14 above.

17. The Defendant, by its negligence, damaged the Shipment. The Defendant therefore negligently failed to deliver the Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to it.

18. By reason of the foregoing, the Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $59,094.00.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
May 23, 2007

MALOOF BROWNE & EAGAN LLC

By: _____
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff Fortis Corporate Insurance, N.V.*