UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FORTIS CORPORATE INSURANCE, N.V., )
)
                Plaintiff, )  Civil Action No. 07 Civ. 4050 (RWS)
)
  - against -   )  **ANSWER TO COMPLAINT**
)
UNITED VAN LINES, LLC, )
)
                Defendants. )
)

---

Defendant, UNITED VAN LINES, LLC ("UNITED"), by its attorneys, George W. Wright & Associates, LLC, answering the Complaint, alleges upon information and belief as follows:

FIRST: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint and defers all questions of law to the Court for determination.

SECOND: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

THIRD: Admits that UNITED is a Missouri corporation with its principal office in Fenton, Missouri and is engaged in business as an interstate motor carrier of merchandise; but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the truth of the other allegations contained in paragraph "3" of the Complaint.

FOURTH: Admits that UNITED conducts business within this District; but except as so specifically admitted, denies knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph "4" of the Complaint and defers all questions of law to the Court for determination.

FIFTH: Admits that UNITED issued Bill of Lading No. 626-07242-5, dated on or about December 5, 2005, naming AGFA/Medical as the consignor and pursuant to which UNITED agreed to transport certain goods from Illinois to New Jersey; but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph "5" of the Complaint.

SIXTH: Denies the allegations contained in paragraph "6" of the Complaint.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

NINTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint

### FIRST CAUSE OF ACTION

TENTH: Repeats and reiterates each and every admission, denial and denial of knowledge or information made in response to the allegations set forth in paragraphs "1" through "9" of the Complaint as if same were set forth at length herein.

ELEVENTH: Admits that UNITED is a motor carrier pursuant to 49 U.S.C. § 14706; but except as so specifically admitted, denies the other allegations contained in paragraph "11" of the Complaint.

TWELFTH: Denies the allegations contained in paragraph "12" of the Complaint.

## SECOND CAUSE OF ACTION

THIRTEENTH: Repeats and reiterates each and every admission, denial and denial of knowledge or information made in response to the allegations set forth in paragraphs "1" through "12" of the Complaint as if same were set forth at length herein.

FOURTEENTH: Denies the allegations contained in paragraph "14" of the Complaint and defers all questions of law to the Court for determination.

FIFTEENTH: Denies the allegations contained in paragraph "15" of the Complaint.

## THIRD CAUSE OF ACTION

SIXTEENTH: Repeats and reiterates each and every admission, denial and denial of knowledge or information made in response to the allegations set forth in paragraphs "1" through "15" of the Complaint as if same were set forth at length herein.

SEVENTEENTH: Denies the allegations contained in paragraph "17" of the Complaint.

EIGHTEENTH: Denies allegations contained in paragraph "18" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

UNITED's liability, if any, herein is governed by the Interstate Commerce Commission Termination Act of 1995 (ICCTA), including the Carmack Amendment, and all state law claims are completely preempted by federal law.

## SECOND AFFIRMATIVE DEFENSE

Any liability of UNITED, which is denied, is limited in amount by the terms and provisions of UNITED's Bill of Lading and published Tariffs.

## THIRD AFFIRMATIVE DEFENSE

UNITED has no contractual privity with or other legal duty to plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

This action is barred by the applicable statutory and/or relevant contractual limitation period(s).

## FIFTH AFFIRMATIVE DEFENSE

The damages alleged in the Complaint were caused by a pre-existing condition and/or other causes or conditions beyond the control of UNITED and for which causes or conditions UNITED has no liability.

## SIXTH AFFIRMATIVE DEFENSE

If the plaintiff sustained any damages as alleged in the Complaint, such injury was caused or contributed to by plaintiff and/or other third parties for whose conduct UNITED has not liability.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its alleged damages.

WHEREFORE, defendant UNITED VAN LINES, LLC hereby demands judgment dismissing the Complaint with prejudice, together with attorneys fees and costs; and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 28, 2007

                    GEORGE W. WRIGHT & ASSOCIATES, LLC

                    BY: *[signature]*
                          GEORGE W. WRIGHT (GW/6957)
                          Attorneys for Defendant
                          Wall Street Plaza
                          88 Pine Street, 7th Floor
                          New York, NY 10005-1801
                          (212) 483-8266

TO:    David T. Maloof, Esq.
        Thomas M. Eagan, Esq.
        MALOOF BROWNE & EAGAN LLC
        Attorneys for Plaintiff
        411 Theodore Fremd Avenue – Suite 190
        Rye, NY 10580
        (914) 921-1200

## AFFIDAVIT OF SERVICE

STATE OF NEW JERSEY    )
                                           ) ss.:
COUNTY OF BERGEN    )

        GEORGE W. WRIGHT, being duly sworn, deposes and says, that deponent is not a party to this action and is over 18 years of age. That on the 28th day of June, 2007 deponent electronically filed the foregoing Answer to Complaint with the Clerk of the District Court using its EM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

David T. Maloof, Esq.
Thomas M. Eagan, Esq.
MALOOF BROWNE & EAGAN LLC
Attorneys for Plaintiff
411 Theodore Fremd Avenue – Suite 190
Rye, NY 10580
(914) 921-1200

_____
GEORGE W. WRIGHT

Sworn to before me this
28th day of June, 2007

_____
Notary Public

**CHRISTINE B. NABITOWICZ**
**NOTARY PUBLIC OF NEW JERSEY**
**My Commission Expires Sept. 19, 2011**