UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FORTIS CORPORATE INSURANCE, N.V., )<br><br>Plaintiff, )<br><br>- against – )<br><br>UNITED VAN LINES, LLC, )<br><br>Defendant. )<br><br><br>UNITED VAN LINES, LLC, )<br><br>Third-Party Plaintiff, )<br><br>- against – )<br><br>TRW TRUCKING, LLC n/k/a SPORTS )<br>ASSOCIATED, INC., and SPORTS )<br>ASSOCIATED, INC. )<br><br>Third-Party Defendants. ) | Civil Action No. 07 Civ. 4050 (RWS)<br><br>**THIRD-PARTY COMPLAINT** |

NOV 2 7 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Defendant and Third-Party Plaintiff UNITED VAN LINES, LLC ("UNITED"),
by its attorneys, George W. Wright & Associates, LLC, as and for a Third-Party Complaint
against third-party defendants TRW TRUCKING, LLC n/k/a SPORTS ASSOCIATED, INC.
("TRW TRUCKING"), and SPORTS ASSOCIATED, INC. ("SPORTS ASSOCIATED"),
alleges upon information and belief as follows:

## JURISDICTION

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337(a) and
the Carmack Amendment, at 49 U.S.C. § 14706, as this action involves claims arising under Acts
of Congress regulating the interstate transportation of goods.

2. This case further involves supplemental claims within the meaning of 28 U.S.C. § 1367.

## THE PARTIES

3. UNITED is a corporation organized under and existing under the laws of Missouri with its principal place of business at One Premier Drive, Fenton, Missouri, and at all times material was engaged in business as an interstate motor carrier of merchandise.

4. Third-party defendant TRW TRUCKING, LLC n/k/a SPORTS ASSOCIATED, INC., is or was a North Carolina corporation doing and/or transacting business within this District with its principal place of business at 234 Sheffield Farms Trail, Harmony, North Carolina 28634 or at 1500 N Jackson Ave, Kansas City, MO, 64120-1032.

5. Third-party defendant SPORTS ASSOCIATED, INC., is a Missouri corporation doing and/or transacting within this District with its principal place of business at 1500 N Jackson Ave, Kansas City, MO, 64120-1032.

## BACKGROUND FACTS

6. On May 23, 2007, plaintiff FORTIS CORPORATE INSURANCE, N.V. ("FORTIS") commenced this action against UNITED by filing a Complaint, (Exhibit "A" hereto) alleging that UNITED failed to deliver a shipment of merchandise in the same condition as when received by UNITED for interstate transportation.

7. On November 22, 2004, TRW TRUCKING and/or SPORTS ASSOCIATED entered into a Carrier Transportation Agreement with United Intermode, Inc., pursuant to which TRW TRUCKING and/or SPORTS ASSOCIATED are obligated to indemnify, defend and hold UNITED harmless from all liability, loss, damage, attorney's fees, claims or suits filed against UNITED resulting from third-party defendants' services under the Agreement.

2

8. On or about December 5, 2005, UNITED issued Bill of Lading No. 626-07242-5, governing the interstate transportation of exhibit trade show goods from Chicago Illinois to Dayton, New Jersey.

9. UNITED, in turn, contracted with TRW TRUCKING and/or SPORTS ASSOCIATED, INC. to perform the actual transportation of the goods.

## FIRST CAUSE OF ACTION
### (Indemnification)

10. UNITED repeats and realleges each and every allegation contained herein above in paragraphs 1 through 9, inclusive, as if set forth at length herein.

11. By reason of the contractual and/or legal relationship between UNITED and/or third-party defendants TRW TRUCKING and SPORTS ASSOCIATED, said third-party defendants are obligated to defend, indemnify and save harmless UNITED with respect to the matters alleged in the Complaint.

## SECOND CAUSE OF ACTION
### (Contribution)

12. UNITED repeats and realleges each and every allegation contained herein above in paragraphs 1 through 11 as if set forth at length herein.

13. UNITED, while denying liability, asserts that any liability, fault or negligence is that of third-party defendants TRW TRUCKING and SPORTS ASSOCIATED, and that any liability of UNITED, which is denied, is derivative or secondary and that the liability of third-party defendants is primary, thus giving rise to a duty on the part of said third-party defendants to hold UNITED harmless and to indemnify UNITED from any loss herein and/or contribute to any judgment in favor of plaintiff.

3

## THIRD CAUSE OF ACTION
### (Corporate Successor)

14.  UNITED repeats and realleges each and every allegation contained herein above in paragraphs 1 through 13 as if set forth at length herein.

15.  SPORTS ASSOCIATED is the mere continuation of TRW TRUCKING in another guise.

16.  There has been de facto merger and/or consolidation between TRW TRUCKING and SPORTS ASSOCIATED.

17.  By reason of the foregoing, SPORTS ASSOCIATED is liable to UNITED as the corporate successor of TRW TRUCKING.

WHEREFORE, defendant and third-party plaintiff, UNITED VAN LINES, LLC, demands judgment against third-party defendants TRW TRUCKING, LLC n/k/a SPORTS ASSOCIATED, INC. and SPORTS ASSOCIATED, INC. for indemnification with respect to all damages for which UNITED may be adjudged liable to plaintiff, together with attorney's fees costs, and such other relief as this Honorable Court may deem just and proper.

Dated: New York, New York
       November 20, 2007

GEORGE W. WRIGHT & ASSOCIATES, LLC

By:    _____
       George W. Wright (GW/6957)
       Attorneys for Plaintiff
       UNITED VAN LINES, LLC,
       Wall Street Plaza
       88 Pine Street, 7th Floor
       New York, New York 10005
       (212) 483-8266

4

EXHIBIT "A"

DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FORTIS CORPORATE INSURANCE, N.V.,          :

                              *Plaintiff,*          :

          - against -                                :

UNITED VAN LINES, LLC,                        :

                              *Defendant.*          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# 07 CIV. 4050

07 Civ.

## JUDGE SWEET

## <u>COMPLAINT</u>

        Plaintiff, Fortis Corporate Insurance, N.V. (hereinafter "Fortis" or "Plaintiff"), by

its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief

as follows:

        1.        All and singular the following premises are true and constitute claims arising

under an Act of Congress regulating commerce within the meaning of 28 U.S.C. §1337(a) and

pursuant to the Carmack Amendment codified at 49 U.S.C § 14706, and/or otherwise arise under

federal law within the meaning of 28 U.S.C. § 1331, and/or are supplemental claims to certain of

the foregoing claims within the meaning of 28 U.S.C. § 1367.

        2.        At all material times, Plaintiff Fortis Corporate Insurance, N.V., was, and now is,

a foreign corporation with a place of business in Belgium, and was, at all material times, the

insurer the shipment which is the subject matter of this action.

3. Defendant United Van Lines, LLC (hereinafter "UVL" or "Defendant") is a corporation or other business entity incorporated in and organized and existing under and by virtue of the laws of the Missouri with it principal office and place of business located at One Premier Drive, Fenton, Missouri, and was and now is engaged in business as a common carrier of merchandise by Motor Vehicle.

4. Defendant runs routes through and thus can be found in and resides in this District within the meaning of 28 U.S.C. § 1391 (b)(1) and (c). Defendant here thus does business in and thus resides in the same state within the meaning of the said statute. In addition, within the meaning of the Carmack Amendment, 49 U.S.C. § 14706(d), venue is also proper in this District because Defendant is the delivering carrier and does business and operates trucks and routes throughout the 48 contiguous United States, including the State of New York and the area comprising the Southern District of New York.

5. On or about December 5, 2005, there was shipped by AGFA/Medical a shipment which consisted of AGFA Medical Property, then being in good order and condition (the "Shipment"). Defendant United Van Lines arranged, received and accepted the Shipment at Chicago, Illinois. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant United Van Lines further agreed to transport and carry the said Shipment to the New York metropolitan area and deliver same in like good order and condition. The carriage was described in a certain bill of lading issued by Defendant United Van Lines and numbered 626-07242-5 dated on or about December 5, 2005.

6. Thereafter the Shipment was delivered but not in like good order and condition as

when shipped, accepted, and received by Defendant, but on the contrary the shipment was seriously damaged and impaired in value, all in violation of Defendant's obligations as a carrier.

7.    Plaintiff insured the Shipment and paid certain damages incurred by its assured, due to the Shipment having been damaged. Plaintiff brings this action and Plaintiff is duly entitled to maintain this action.

8.    Plaintiff and its assured have performed all conditions on their parts to be performed.

9.    By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $60,000.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES
### UNDER THE CARMACK AMENDMENT

10.    Plaintiff incorporates herein by reference the allegations of paragraphs 1- 9 above.

11.    By reason of the foregoing, the Defendant was a carrier of merchandise within the meaning the Carmack Amendment, 49 U.S.C § 14706, and breached its duties as a common carrier under that law and under the contract of carriage.

12.    By reason of the foregoing, the Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $60,000.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

13.    Plaintiff incorporates herein by reference the allegations of paragraphs 1-12

3

above.

14.     The Defendant was acting as a bailee of the Shipment at the time it was damaged. The Defendant thereby, or through its contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to it and to perform its services as bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendant breached those bailment obligations and negligently failed to deliver to Plaintiff, or its designees, the Shipment.

15.     By reason of the foregoing, the Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $59,094.00.

## THIRD CAUSE OF ACTION

### NEGLIGENCE

16.     Plaintiff incorporates herein by reference the allegations of paragraphs 1- 14 above.

17.     The Defendant, by its negligence, damaged the Shipment. The Defendant therefore negligently failed to deliver the Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to it.

18.     By reason of the foregoing, the Defendant has caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding US $59,094.00.

WHEREOF, Plaintiff prays:

1.     That process in due form of law may issue against the Defendant citing it to appear and answer all and singular the matters aforesaid;

4

2.    That judgment may be entered in favor of Plaintiff against Defendant on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

3.    That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:  New York, New York
        May 23, 2007

                                    MALOOF BROWNE & EAGAN LLC

                                    By: _____
                                        David T. Maloof (DM 3350)
                                        Thomas M. Eagan (TE 1713)
                                    411 Theodore Fremd Avenue - Suite 190
                                    Rye, New York  10580
                                    (914) 921-1200
                                    *Attorneys for Plaintiff Fortis Corporate
                                    Insurance, N.V.*

5

## AFFIDAVIT OF SERVICE

STATE OF NEW JERSEY  )
                      )  ss.:
COUNTY OF BERGEN      )

GEORGE W. WRIGHT, being duly sworn, deposes and says, that deponent is not a party to this action and is over 18 years of age.  That on the 20th day of November, 2007 deponent served the within Third-Party Complaint via regular mail on:

David T. Maloof, Esq.
Thomas M. Eagan, Esq.
MALOOF BROWNE & EAGAN LLC
Attorneys for Plaintiff
411 Theodore Fremd Avenue – Suite 190
Rye, NY  10580
(914) 921-1200

GEORGE W. WRIGHT

Sworn to before me this
20th day of November, 2007

Notary Public

Dominicana Soto
Notary Public State of New York
No. 01SO6039458
Qualified in New York County
Commission Expires 12/5/2010

5