UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FORTIS CORPORATE INSURANCE, N.V.,

        Plaintiff,

- against –

UNITED VAN LINES, LLC,

        Defendant.

---

UNITED VAN LINES, LLC,

        Third-Party Plaintiff,

- against –

TRW TRUCKING, LLC n/k/a SPORTS ASSOCIATED, INC., and SPORTS ASSOCIATED, INC.

        Third-Party Defendants.

---

Civil Action No. 07 Civ. 4050 (RWS)(DCF)

**AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

STATE OF NEW JERSEY  )
                             ) ss.:
COUNTY OF BERGEN    )

        GEORGE W. WRIGHT, being duly sworn, deposes and says:

        1.    I am a member of the Bar of This Honorable Court and counsel for defendant UNITED VAN LINES, LLC ("UNITED").

        2.    After failing to resolve its numerous discovery disputes with plaintiff despite good faith attempts, UNITED moves for an Order pursuant to Fed.R.Civ.P. 37(a)(3)(B) compelling plaintiff's discovery compliance as follows:

(a) requiring plaintiff to serve complete verified responses to Defendant's First Set of Interrogatories, dated July 6, 2007;

(b) requiring plaintiff to serve complete responses to Defendants' First Document Request, dated July 6, 2007;

(c) requiring plaintiff to serve complete responses to Defendants' Second Document Request, dated November 13, 2007;

(d) requiring plaintiff to produce the goods that are the subject of this action for inspection; and

(e) requiring plaintiff to produce for depositions under Rule 30(b)(6) designated representatives of plaintiff and its insured pursuant to defendant's Notice of Deposition, dated, December 12, 2007.

3. In this cargo subrogation action, plaintiff contends that certain goods owned and shipped by its insured, Agfa Corp., were damaged while being transported by UNITED from Chicago, Illinois to Agfa's shipping and warehousing agent, Impact Unlimited, in Dayton, New Jersey.

4. Plaintiff's Complaint alleges it paid Agfa Corp. the sum of $59,094.00 with respect to Agfa's property claim. Plaintiff's counsel advised UNITED by e-mail on January 7, 2008, however, that its claim has now been reduced to $50,134.50.

A.  **UNITED'S INTERROGATORIES TO PLAINTIFF.**

5. UNITED served a First Set of Interrogatories to Plaintiff on July 6, 2007 (Exhibit "A" hereto).

6. Plaintiff served an <u>unverified</u> Response to UNITED's Interrogatories on December 3, 2007 (Exhibit "B").

7. Plaintiff failed to respond to UNITED's Interrogatory Nos. 2 and 7 (Exhibit "A" hereto).

8. Interrogatory No. 2 states: "Identify by name, address, and telephone number of each person involved in the packing, loading, unloading, unpacking and inspection of the shipment" (Exhibit "A" hereto).

9. Plaintiff evasively responded to Interrogatory No. 2 as follows:

> Objection. The interrogatory is impermissible under Local Rule 33.3. The request also seeks information that is irrelevant or unlikely to lead to the discovery of admissible evidence. The request is also overbroad, and unduly burdensome, and seeks protected confidential information.
> Subject to objection, pursuant to FRCP 33(d) Plaintiff directs Defendant to those documents already produced by the parties, including the complete Impact Unlimited packing list. (Exhibit "B" hereto).

10. Interrogatory No. 7 states: "Set forth the names and present and/or last known address of all custodians and location of all documents identified in UNITED's First Request for Production of Documents to Plaintiff, dated July 6, 2007" (Exhibit "A" hereto).

11. Plaintiff evasively responded to Interrogatory No. 7 as follows:

> Objection. The interrogatory is impermissible under Local Rule 33.3. The interrogatory is also overbroad and unduly burdensome. Subject to objection, <u>all such documents not objected to have been or will be produced</u> in response to Defendant's First Request for Production of Documents, served on Plaintiff on October 22, 2007 (emphasis added) (Exhibit "B" hereto).

12. By fax/e-mail letter, December 12, 2007, UNITED advised plaintiff's counsel that, "...In accordance with Local Civ. Rule 33.3(a), UVL's Interrogatory Nos. 2 and 7 request the names, addresses and telephone numbers of (a) persons with specific knowledge of the subject matter of this action and (b) records custodians. Plaintiff's objections to these Interrogatories are unfounded" (Exhibit "C" hereto).

3

13. By regular mail letter, dated December 13, 2007, received by our office on December 20, 2007, plaintiff's counsel replied, "...the names, addresses and telephone numbers of persons with specific knowledge of the subject matter of this action and records custodians have previously been disclosed in Plaintiff's Initial Disclosures" (Exhibit "D" hereto).

14. Although plaintiff identifies several individuals in its initial Rule 26 Disclosures (pgs. 1-4 annexed hereto as Exhibit "E" hereto), plaintiff's Disclosures do not specify which, if any, of the individuals identified were "involved in the packing, loading, unloading, unpacking and inspection of the shipment" as requested in Interrogatory No. 2.

15. Plaintiff's Disclosures (Exhibit "E" hereto) merely categorize the individuals identified under "insurance," "damages," "cargo," "causes of the loss" and "transportation contract," which is not responsive to Interrogatory No. 2.

16. Plaintiff's Rule 26 Disclosures (Exhibit "E" hereto) do not identify the "custodians and location of all documents identified in UNITED's First Request for Production of Documents to Plaintiff, dated July 6, 2007" as requested in Interrogatory No. 7 (Exhibit "A" hereto).

**B.  UNITED'S DOCUMENT REQUESTS.**

17. UNITED served its First Document Request to Plaintiff on July 6, 2007 (Exhibit "F" hereto).

18. UNITED served its Second Document Request to Plaintiff on November 13, 2007 (Exhibit "G" hereto).

19. On December 5, 2007, plaintiff served its Objections and Responses to UNITED's First and Second Document Requests (Exhibits "H" and "I" hereto, respectively).

4

20. Plaintiff failed to serve proper responses to UNITED's First Document Request Nos. 2, 4-18, 20-22 and 24-28 and further failed to serve proper responses to any of the five (5) requests set forth in UNITED's Second Document Request.

21. First Document Request Nos. 2, 4-6 call for documents pertaining to the transportation of the subject goods, including shipping orders or instructions (Request No. 2), Estimates and/or Orders for Service (Request No. 4), packing lists, manifests, pick-up and delivery records and inventories (Request No. 5) and invoices relating to the storage, packing, crating, handling or transportation of the goods (Request No. 6) (Exhibit "F" hereto).

22. First Document Request Nos. 7-9 seek documents pertaining to the pre-shipment and post-shipment condition of the subject goods (Exhibit "F" hereto).

23. First Document Request Nos. 11-18 seek correspondence and communications between the various entities involved in the subject shipment (Exhibit "F" hereto).

24. First Document Request Nos. 24-25 seek documents pertaining to the present condition and value of the subject goods (Exhibit "F" hereto).

25. First Document Request Nos. 26-27 seek plaintiff's relevant insurance policies and any pertinent claims and other documents exchanged between plaintiff and its insured and Request No. 28 seeks any other documents on which plaintiff may rely to establish liability or damages against UNITED (Exhibit "F" hereto).

26. UNITED's Second Document Request Nos. 1-5 (Exhibit "G") request specific, relevant categories of documents:

    1. All documents reflecting the pre-shipment value of any allegedly damaged item.

5

   2.   All documents reflecting repairs to any of the subject goods, projected repairs or repair costs and the extent of any alleged damages.

   3.   All documents on which plaintiff relies for its claimed repair, replacement and labor costs.

   4.   Any documents reflecting any payment to, or any agreement by AGFA or any other party to pay, UVL for any special or separate risk-related charges for the transportation or handling of the subject shipments.

   5.   Complete copies of all Impact Unlimited Shipping Lists covering the nine (9) subject shipments from Illinois to New Jersey.

   27.   In response, plaintiff asserts various rote objections to UNITED's First and Second Document Requests on the grounds that they are vague, overbroad and unduly burdensome, irrelevant and that documents "will be produced." (Exhibits "H" and "I" hereto).

   28.   Plaintiff objects to Second Document Requests No. 1 and 2 as overbroad, unduly burdensome (Nos. 1 and 2), seeking irrelevant documents (No. 1) and vague (No. 2) (Exhibit "I" hereto).

   29.   Plaintiff further objects to Second Document Requests Nos. 3 and 4 on the grounds that "The request calls for <u>Plaintiff's counsel's work product and is premature</u>" (emphasis added) (Exhibit "I" hereto).

   30.   In response to UNITED's Second Document Request Nos. 1-4, plaintiff further states, "Subject to the objection, documents will be produced" and in response to Second Document Request No. 5 plaintiff states, "Document will be produced" (Exhibit "I" hereto). To date, however, plaintiff has neither identified nor produced any documents responsive to the First and Second Document Requests or advised UNITED when such documents will be produced.

6

31. In its letter, dated December 12, 2007 to plaintiff's counsel (Exhibit "C" hereto), UNITED requested plaintiff's more specific responses to the First Request for Documents (Exhibit "F" hereto), advised plaintiff that its objections on the grounds of vagueness and overbroad are unfounded and its statements that documents would be produced on an unspecified date are unresponsive.

32. UNITED's December 13, 2007 letter (Exhibit "C" hereto) further advised plaintiff that its responses to the Second Document Request (Exhibit "I" hereto) are also improper:

> ... These four (4) supplemental requests are specifically directed to plaintiff's evidence of its purported damages and plaintiff's unfounded contention that its insured paid UVL a special "risk related" charge for the shipments. None of UVL's supplemental document requests are vague, premature or request privileged materials. Moreover, plaintiff must comply with Local Civ. Rule 26.2(a)(2) with respect to any documents claimed to be protected by the attorney work product doctrine. (Exhibit "C" hereto)

33. In their reply letter, dated December 13, 2007, plaintiff's counsel equivocally state, "Plaintiff has _already produced_ in its Responses to Defendant's discovery requests all of the documents that Plaintiff has stated _will be produced_. The objections were simply for the record" (emphasis added) (Exhibit "D" hereto).

34. Plaintiff has not identified which of the documents that it allegedly "already produced" are responsive to UNITED's above Document Requests. Moreover, plaintiff has suppressed disclosure of documents by Agfa Corp.'s shipping agent, Impact Unlimited.

35. In an e-mail, dated November 26, 2007 (Exhibit "J" hereto), from plaintiff's counsel to Mr. Wayne Conrad of Impact Unlimited, counsel forwarded UNITED's

7

document requests to Impact instructing it to produce only "responses and corresponding documents for all questions *not* marked OBJ (emphasis original) (Exhibit "J" hereto).

### C.   UNITED'S REQUESTS FOR INSPECTION TO PLAINTIFF.

36. Only cursory inspections of the goods were made on behalf of UNITED shortly after delivery and before Agfa Corp.'s shipping agent, Impact Unlimited, filed Agfa's pre-suit written claim with UNITED. During pre-trial discovery, UNITED has made numerous requests to plaintiff's counsel for an inspection of the allegedly damaged cargo items that are being stored by Agfa's agent Impact in Dayton, New Jersey. Copies of our e-mails, dated August 22, August 31, September 26, October 19, October 23, and December 3, 2007 to plaintiff's counsel requesting an inspection are annexed hereto as Exhibit "K."

37. By e-mail, dated December 3, 2007, plaintiff's counsel advised UNITED that it would not produce the subject items for inspection because plaintiff does not "presently possess" the goods. Plaintiff further directed UNITED to request the inspection from plaintiff's insured's shipping agent, Impact Unlimited (Exhibit "L" hereto).

38. In its letter, dated December 12, 2007 (Exhibit "C"), UNITED advised plaintiff, "As the subrogee of their insured owner, plaintiff has legal control over them and an obligation under Rule 34 to produce them for inspection" (Exhibit "C" hereto).

39. By reply letter, dated December 13, 2007 (Exhibit "D"), plaintiff's counsel responded, "… our obligation is to make the damaged items available. We have, in fact, repeatedly made the damaged items available to Defendant by notifying your offices of the location of the damaged goods in this case. Again, a third party, Impact Unlimited, is holding the items in an off-site warehouse while its primary facility undergoes renovation." Plaintiff's letter further advised that if UNITED wants to inspect the damaged goods, it should contact

Impact Unlimited directly to set up a convenient time and date for inspection (Exhibit "D" hereto).

40. According to plaintiff's counsel, Impact Unlimited intends to charge UNITED up to $8,000 to stage the items for inspection (Exhibit "L" hereto).

41. In sum, plaintiff's contends with respect to UNITED's inspection demands is that, as a mere subrogee, plaintiff has no control over its own insured's shipping agent, Impact Unlimited, and cannot require Impact to make the goods that are the very subject of this suit available for UNITED's inspection. According to plaintiff, UNITED must make any inspection arrangements directly with Impact and pay any amount Impact demands. On the other had, when it suits plaintiff's purposes, Impact fully cooperates with plaintiff by withholding from Rule 34 disclosure whatever documents plaintiff instructs Impact "*not*" to produce.

42. UNITED respectfully submits that plaintiff should be held directly responsible for complying with UNITED's Rule 34 inspection request and plaintiff should be legally bound by the manner in which its own insured's shipping agent, Impact Unlimited, identifies and produces the goods for inspection. UNITED should not be confronted with a "Catch-22" predicament at trial in which Impact testifies that it produced the wrong goods, or not all of the goods, for inspection and plaintiff disavows any responsibility for Impact's conduct.

43. As a precaution, UNITED has issued a Subpoena to Impact Unlimited for an inspection of the goods, returnable on January 25, 2008. UNITED respectfully submits, however, that plaintiff should be held primarily responsible for production of the goods that are the subject matter of its action.

### D. DEPOSITIONS OF PLAINTIFFS' WITNESSES.

44. UNITED served a Notice of Deposition to Plaintiff, dated December 12, 2007, requesting the depositions of designated representatives of plaintiff and its subrogor Agfa Corp.'s representatives pursuant to Fed. R. Civ. P. 30 (b)(6) having knowledge of (a) the condition of subject goods at the time of their receipt by UNITED in Chicago, Illinois and upon their delivery to the consignee in Dayton, New Jersey and (b) the settlement of the subject claim between plaintiff and Agfa Corp. (Exhibit "M" hereto).

45. In its letter, dated December 13, 2007, to UNITED, plaintiff's counsel argued the deposition testimony of plaintiff's own insured, Agfa Corp. must be obtained by UNITED under subpoena because Agfa is not the nominal plaintiff (Exhibit "D" hereto).

46. Even with respect to plaintiff's own deposition, its counsel further stated that plaintiff would produce its witness by telephone, suggesting it will not produce a witness for deposition in New York (Exhibit "D" hereto).

### E. UNITED'S GOOD FAITH DISCOVERY EFFORTS.

47. In UNITED's December 12, 2007, letter to plaintiff's counsel requesting more specific discovery responses, defendant requested a response from plaintiff by December 19, 2007 to avoid a court application (Exhibit "C" hereto).

48. When no response was received from plaintiff, we forwarded a fax letter on December 19, 2007 to Hon. Debra C. Freeman, U.S.M.J. requesting a conference to resolve the parties' discovery disputes (Exhibit "N" hereto).

49. By reply fax letter, dated December 19, 2007, plaintiff's counsel responded to UNITED's letter to the Court (Exhibit "N") reiterating plaintiff's prior contentions. Plaintiff's counsel further argue in their letter that the deponent violated an unidentified Local

Civil Rule of this Court purportedly requiring UNITED to make a telephone call to plaintiff before requesting Court intervention (Exhibit "O" hereto).

50. In a subsequent e-mail from plaintiff's counsel to the deponent on December 19, 2007, plaintiff's counsel again alleged our violation of an unidentified Local Civil Rule requiring a pre-application telephone conference. The e-mail further threatened to "seek sanctions" against the deponent if UNITED pursues its discovery application to the Court (Exhibit "P" hereto).

51. On December 20, 2007 UNITED received for the first time plaintiff's counsel's letter, dated December 13, 2007, by regular mail (Exhibit "D" hereto).

52. By fax letter, dated, December 20, 2007, UNITED advised Magistrate Freeman that, contrary to plaintiff's contention its December 13, 2007 letter (Exhibit "D" hereto) received that day, the December 13 letter did not resolve the parties' discovery disputes (Exhibit "Q" hereto).

53. By reply fax letter, dated December 20, 2007, to Magistrate Freeman, plaintiff's counsel alleged UNITED's "second intentional violation of the rules of this court" because the deponent "has not even once telephoned us to discuss it" (Exhibit "R" hereto).

54. To date, plaintiff's counsel has never identified the Local Civil Rule of this Court that allegedly requires a movant seeking to enforce its valid discovery requests to telephone an obstructionist adversary to request his compliance even after numerous written demands have failed to achieve that result.

55. On December 21, 2007, Magistrate Freeman conducted a telephone conference with counsel to discuss the discovery disputes. During the conference, Magistrate

Freeman advised counsel that her authority under the Order of Reference, dated November 29, 2007, is limited to settlement and, thus, she could not resolve the instant discovery issues.

56. By letter, dated December 21, 2007, UNITED wrote to the Court requesting guidance with respect to the parties' discovery disputes (Exhibit "S" hereto).

57. By reply letter, dated December 24, 2007, plaintiff's counsel advised the Court, "We will telephone Mr. Wright again upon our return to the office on January 2nd and we are quite certain that these so-called 'disputes' can be worked out…" (Exhibit "T" hereto).

58. In response to plaintiff's counsel's insistent e-mails and telephone call on January 2 and 3, 2008, the deponent agreed on the latter date to schedule a telephone conference on January 4, 2008 to address our numerous discovery disputes. Plaintiff's counsel, however, cancelled the agreed conference call by e-mail at 2:59 p.m. on January 3, 2008. Copies of the relevant e-mails exchanged between counsel on January 3, 2008 are annexed hereto as Exhibit 'U."

59. Based on the foregoing factual record, UNITED reasonably concludes that no further written or telephone conferences will procure plaintiff's compliance with defendant's numerous outstanding discovery requests and requires an appropriate Order compelling same.

60. As set forth in UNITED's accompanying Memorandum of Law, UNITED requests an award of counsel fees on this motion pursuant to Fed.R.Civ.P. 37(a)(5)(A). If granted, UNITED respectfully requests leave to submit an affidavit setting forth its fees and costs.

WHEREFORE, defendant, UNITED VAN LINES, LLC, respectfully requests that this Honorable Court grant an Order pursuant to Fed.R.Civ.P. 37 compelling plaintiff, FORTIS CORPORATE INSURANCE, N.V., to comply with UNITED's discovery requests as

follows: (a) produce all items of property at issue herein for inspection by a representative of UNITED on January 25, 2008; (b) serve verified complete responses to UNITED's Interrogatory Nos. 2 and 7 within ten (10) days; (c) produce all documents responsive to UNITED's First and Second Document Requests within ten (10) days; (d) produce designated representatives of plaintiff and its subrogee, Agfa Corp., for deposition in New York, New York within thirty (30) days; (e) awarding UNITED attorneys fees and costs incurred on this motion, and such other and further relief as the Court deems just and proper.

_____
GEORGE W. WRIGHT

Sworn to before me this
8th day of January, 2008

_____
Notary Public

**DORIS SORAN**
**NOTARY PUBLIC OF NEW JERSEY**
**My Commission Expires Dec. 3, 2011**