# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FORTIS CORPORATE INSURANCE, N.V., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-CV-4050 (RWS) |
| | ) | |
| v. | ) | **DEFENDANT'S FIRST SET OF** |
| | ) | **INTERROGATORIES** |
| UNITED VAN LINES, LLC, | ) | **TO PLAINTIFF** |
| | ) | |
| Defendant. | ) | |
| | ) | |

S I R S :

Plaintiff UNITED VAN LINES, LLC ("UVL") by its attorneys, George W. Wright & Associates, LLC requests that plaintiff, FORTIS CORPORATE INSURANCE, N.V. ("FORTIS"), answer the following Interrogatories under oath pursuant to FRCP 33 within thirty (30) days of service hereof.

## INTERROGATORIES

1.    With respect to the alleged damaged goods that are the subject of the Complaint, please state the following:

(a)    Identify and provide a brief description of the goods, including age, dimensions and weight;

(b)    The date on which the shipper or the consignee discovered the goods to be missing or damaged;

(c)    The date on which a written claim for loss of or damage to the goods were first submitted by or on behalf of plaintiff to UNITED or its representatives;

(d)    The date or approximate date of purchase of the goods;

(e)    The purchase price paid for the goods;

    (f)     The replacement cost of the goods;

    (g)     The appraised or depreciated value of the goods;

    (h)     The repair or estimated repair cost of the goods;

    (i)     The monetary value of plaintiff's claim for the goods.

2.     Identify by name, address and telephone number of each person involved in the packing, loading, unloading, unpacking and inspection of the shipment.

3.     Set forth any specifications, guidelines and/or instructions, that plaintiff provided to UNITED with respect to the transportation of the goods.

4.     Identify each and every person who may testify for plaintiff as an expert witness at the trial of this case.

5.     With respect to each expert witness identified in response to the previous interrogatory, please set forth the following:

    (a)     a detailed statement concerning the area of such witness' expertise and such witness' qualifications in such area;

    (b)     a copy of each witness' factual observations, tests, supporting data, calculations, photographs and opinions which have been recorded or reduced to a tangible form and relied upon or considered by such witness;

    (c)     a true and correct copy of any and all written reports furnished by each such expert witness in connection with the occurrence; and

    (d)     a detailed statement setting forth the substances of the testimony concerning which each such expert witness is expected to testify at trial.

6.    Set forth in detail a computation of each category of damages alleged by plaintiff in this action.

7.    Set forth the names and present and/or last known address of all custodians and location of all documents identified in UNITED's First Request for Production of Documents to Plaintiff, dated July 6, 2007.

Dated: New York, New York
       July 6, 2007

                              GEORGE W. WRIGHT & ASSOCIATES, LLC


                              BY:    _____
                                     GEORGE W. WRIGHT (GW/6957)
                                     Attorneys for Defendant
                                     Wall Street Plaza
                                     88 Pine Street, 7th Floor
                                     New York, NY 10005-1801
                                     (212) 483-8266

TO:    David T. Maloof, Esq.
       Thomas M. Eagan, Esq.
       MALOOF BROWNE & EAGAN LLC
       Attorneys for Plaintiff
       411 Theodore Fremd Avenue – Suite 190
       Rye, NY 10580
       (914) 921-1200

3

# EXHIBIT "B"

DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

FORTIS CORPORATE INSURANCE, N.V.,                      :

                        *Plaintiffs,*         :     **07 Civ. 4050 (RWS)**

      - against -                                         :

UNITED VAN LINES, LLC,                                 :     **PLAINTIFF'S RESPONSE TO
                                                             DEFENDANT UNITED VAN
                                                             LINES, LLC'S**
                        *Defendants,*         :     **INTERROGATORIES**


-----------------------------------------------------------------x
                                       :

UNITED VAN LINES, LLC,                                 :

             *Third-Party Plaintiff,*         :

      - against -                                         :

TRW TRUCKING, LLC n/k/a SPORTS                         :
ASSOCIATED, INC. and
SPORTS ASSOCIATED, INC.                                :

            *Third-Party Defendants.*         :

-----------------------------------------------------------------x

        Plaintiff, Fortis Corporate Insurance, N.V. ("Fortis" or "Plaintiff"), hereby submit their response to Defendant United Van Lines, LLC's ("UVL" or "Defendant") First Set of Interrogatories.

## General Objections

Plaintiff objects to Defendant's Interrogatories that purport to require Plaintiff to take steps beyond those required by the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of this Court. Plaintiff further objects to producing documents protected by the attorney-client privilege, attorney work product and trial preparation materials.

Subject to the foregoing general objections, which are hereby asserted as to each of the following documents requested, Plaintiff's further specific objections and responses follow. Plaintiff's counsel reserves the right to supplement this response if further information becomes available.

## SPECIFIC RESPONSES

**Interrogatory No. 1:**

With respect to the alleged damaged goods that are the subject of the Complaint, please state the following:

    (a)        Identify and provide a brief description of the goods, including age, dimensions and weight;

    (b)        The date on which the shipper or the consignee discovered the goods to be missing or damaged;

    (c)        The date on which a written claim for loss of or damage to the goods were first submitted by or on behalf of plaintiff to UNITED or its representatives;

    (d)        The date or approximate date of purchase of the goods;

    (e)        The purchase price paid for the goods;

    (f)        The replacement cost of the goods;

(g)        The appraised or depreciated value of the goods;

(h)        The repair or estimated repair cost of the goods;

(i)         The monetary value of plaintiff's claim for the goods.

**Response No. 1:**

Objection. The interrogatory is impermissible under Local Rule 33.3. The request also seeks information that is irrelevant or unlikely to lead to the discovery of admissible evidence. The request is also vague, overbroad, and unduly burdensome. Subject to objection, see Plaintiff's Initial Disclosures, bates MB&E 34-36.

**Interrogatory No. 2:**

Identify by name, address and telephone number of each person involved in the packing, loading, unloading, unpacking and inspection of the shipment.

**Response No. 2:**

Objection. The interrogatory is impermissible under Local Rule 33.3. The request also seeks information that is irrelevant or unlikely to lead to the discovery of admissible evidence. The request is also overbroad, and unduly burdensome, and seeks protected confidential information.

Subject to objection, pursuant to FRCP 33(d) Plaintiff directs Defendant to those documents already produced by the parties, including the complete Impact Unlimited packing list.

**Interrogatory No. 3:**

Set forth any specifications, guidelines and/or instructions, that plaintiff provided to UNITED with respect to the transportation of the goods.

**Response No. 3:**

Objection. The interrogatory is impermissible under Local Rule 33.3. The request is also vague and overbroad.

**Interrogatory No. 4:**

Identify each and every person who may testify for plaintiff as an expert witness at the trial of this case.

**Response No. 4:**

Objection. The interrogatory is premature. Expert disclosures shall be made in accordance with the FRCP, Local Rules and the Scheduling Order.

**Interrogatory No. 5:**

With respect to each expert witness identified in response to the previous interrogatory, please set forth the following:

(a) a detailed statement concerning the area of such witness' expertise and such witness' qualifications in such area;

(b) a copy of each witness' factual observations, tests, supporting data, calculations, photographs and opinions which have been recorded or reduced to a tangible form and relied upon or considered by such witness;

(c) a true and correct copy of any and all written reports furnished by each such expert witness in connection with the occurrence; and

(d) a detailed statement setting forth the substances of the testimony concerning which each such expert witness is expected to testify at trial.

**Response No. 5:**

Objection. The interrogatory is premature. Expert disclosures shall be made in accordance with the FRCP, Local Rules and the Scheduling Order.

**Interrogatory No. 6:**

Set forth in detail a computation of each category of damages alleged by plaintiff in this action.

**Response No. 6:**

Plaintiff directs Defendant to the document already produced in Plaintiff's Initial Disclosures, bates MB&E 34-36.

**Interrogatory No. 7:**

Set forth the names and present and/or last known address of all custodians and location of all documents identified in UNITED's First Request for Production of Documents to Plaintiff, dated July 6, 2007.

**Response No. 7:**

Objection. The interrogatory is impermissible under Local Rule 33.3. The interrogatory is also overbroad and unduly burdensome. Subject to objection, all such documents not objected to have been or will be produced in response to Defendant's First Request for Production of Documents, served on Plaintiff on October 22, 2007.

Dated: Rye, New York
     December 3, 2007

                                   MALOOF BROWNE & EAGAN, LLC

                                   By _____

                                        David T. Maloof (DM 3350)
                                        Thomas M. Eagan (TE 1713)
                                   411 Theodore Fremd Avenue, Suite 190
                                   Rye, New York 10580-1411
                                   Tel: (914) 921-1200
                                   Fax: (914) 921-1023
                                   Email: dmaloof@maloofandbrowne.com
                                         teagan@maloofandbrowne.com

                                   *Attorneys for Plaintiff*

TO:

George W. Wright
George W. Wright & Associates, LLC
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005-1801
Tel: (212) 483-8266
*Attorney for Defendant United Van Lines, LLC*

F:\WP-DOCS\1501.15\062806 Plaintiff's response to Defendant's Interrogatories.doc

6

# EXHIBIT "C"



Attorneys At Law

# GEORGE W. WRIGHT
## & ASSOCIATES, LLC

George W. Wright°
Narinder S. Parmar*
Peter J. Fabriele*>

Lisa Waxman Davis^†
Kevin Foley*†

December 12, 2007

**VIA E-MAIL (dmaloof@maloofandbrowne.com)**
**AND (tbarton@maloofandbrowne.com)**

David T. Maloof, Esq.
Todd A. Barton, Esq.
Maloof Browne & Eagan, LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York  10580

**Re:    Fortis Corporate Insurance, N.V. v. United Van Lines, LLC**
       **Civil Action No. 07-CV-4050**
       **Your File No. 2204.04**
       **Our File No.  11625**

Dear Sirs:

We are writing with respect to UVL's outstanding discovery requests in a good faith effort to resolve discovery disputes without court intervention.

Since August 22, 2007 we have made at least six (6) written requests to your office for an inspection of the items in suit, but have not yet received a satisfactory response. Your December 3, 2007 e-mail states that plaintiff does not "possess" the goods. As the subrogee of their insured owner, plaintiff has legal control over them and an obligation under Rule 34 to produce them for inspection.

In view of third-party defendant TRW Trucking's anticipated appearance and the March 5, 2008 discovery deadline, please advise us by December 19, 2007 of available inspection dates in January, 2008 and the address where the goods will be made available for inspection.

Many of plaintiff's responses to UVL's First Set of Interrogatories and First Document Requests are insufficient. In accordance with Local Civ. Rule 33.3(a), UVL's Interrogatory Nos. 2 and 7 request the names, addresses and telephone numbers of (a) persons with specific knowledge of the subject matter

*New Jersey*
Continental Plaza
401 Hackensack Avenue
Hackensack, NJ 07601
T 201.342.8884
F 201.343.8869

*New York*
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005
T 212.483.8266
F 212.483.0971

www.wright-associate.com

†*Of Counsel*
°*Member NJ & NY Bars*
^*Member NY Bar*
>*Member Washington DC Bar*



of this action and (b) records custodians. Plaintiff's objections to these Interrogatories are unfounded.

Plaintiff's responses to UVL's First Document Request Nos. 2, 4-18, 20-22 and 24-28 are similarly evasive and equivocally state that the requests are "vague" or "overbroad" but that "documents will be produced" on an unspecified date.

Lastly, plaintiff's answers to UVL's four (4) supplemental requests in its Second Request for Production of Documents again evasively respond, "vague … will be produced" or that the request "calls for Plaintiff's counsel's work product and is premature." These four (4) supplemental requests are specifically directed to plaintiff's evidence of its purported damages and plaintiff's unfounded contention that its insured paid UVL a special "risk related" charge for the shipments. None of UVL's supplemental document requests are vague, premature or request privileged materials. Moreover, plaintiff must comply with Local Civ. Rule 26.2(a)(2) with respect to any documents claimed to be protected by the attorney work product doctrine.

UVL demands plaintiff's proper responses to the above discovery requests no later than December 19, 2007, failing which we will immediately apply to the Magistrate Judge for relief.

Thank you for your attention.

Very truly yours,

George W. Wright

GWW:ds

# EXHIBIT "D"

# MALOOF BROWNE & EAGAN LLC

TODD A. BARTON

411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580
Telephone (914) 921-1200
Telecopier (914) 921-1023
E-mail: tbarton@maloofandbrowne.com

December 13, 2007

**Via U.S. Mail**

George W. Wright, Esq.
George W. Wright & Associates, LLC
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005-1801
Tel: (212) 483-8266

RECEIVED

DEC 20 2007

GEORGE W. WRIGHT & ASSOCIATES, LLC

|  |  |
|---|---|
| **Re:** | *Fortis Corporate Insurance N.V. v. United Van Lines, LLC* |
| **Docket:** | *07 Civ. 4050 (RWS) (DCF)* |
| *Your Ref:* | *No. 10000000470 (UVL No.)* |
| *Our Ref:* | *2202.04* |

Dear Mr. Wright:

    1. With reference to your Notice of Deposition, please be advised that Mr. E. Diaz, Mr. Scott Gomez and Mr. Wayne Conrad are employees of Impact Unlimited and, as such, are not Plaintiffs or otherwise parties to this action. Therefore, their deposition testimony must be compelled by subpoena. The same is true of Agfa Corp., for whom you have noticed a Rule 30(b)(6) deposition for February 6, 2008 at 10:00 a.m.

    2. With respect to your Rule 30(b)(6) Notice of Deposition for Fortis Corporate Insurance N.V., our client is located in Belgium and, as you can imagine, any representative's knowledge of this matter will most likely be limited to the relevant documents he or she reviewed, all of which we have already disclosed or produced. If you still choose to go forward, however, Plaintiff requests that the deposition be conducted by telephone as our client is located in Belgium and a trip to the United States for a deposition in a $60,000 case would be onerous. Please advise.

    3. With regard to your objections to Plaintiff's discovery responses, our obligation is to make the damaged items "available." We have, in fact, repeatedly made the damaged items available to Defendant by notifying your offices of the location of the damaged goods in this case. Again, a third party, Impact Unlimited, is holding the items in an off-site warehouse while its primary facility undergoes renovations. If United Van Lines would like to

inspect the damaged items, you have our authority to contact Impact Unlimited at (732) 274-2000 to set up any convenient time and date for your inspection. Kindly notify us of the time and date of the inspection that you arrange.

4. With respect to Defendant's interrogatories, the names, addresses and telephone numbers of persons with specific knowledge of the subject matter of this action and records custodians have previously been disclosed in Plaintiff's Initial Disclosures.

5. With respect to our document responses, Plaintiff has already produced in its Responses to Defendant's discovery requests all of the documents that Plaintiff has stated "will be produced." The objections were simply for the record.

6. Finally, Plaintiff is prepared to exchange privilege lists. As our offices will be closed beginning on December 21, 2007, and reopening on January 2, 2008, we should agree upon a mutually convenient date in early January to exchange same.

Thank you and best regards.

Very truly yours,

Todd A. Barton

TAB

# EXHIBIT "E"

DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF & BROWNE LLP
411 Theodore Fremd Avenue - Suite 190
Rye, New York  10580
Tel: (914) 921-1200
Fax: (914) 921-1023

*Attorneys for Plaintiff Fortis Corporate Insurance, N.V.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FORTIS CORPORATE INSURANCE, N.V.            :

                           *Plaintiff,*            :

   - against -            :

UNITED VAN LINES, LLC,            :

                 *Defendant.*            :

                                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**07 Civ. 4050 (RWS)**

**PLAINTIFF'S INITIAL
DISCLOSURES**

        Plaintiff, Fortis Corporate Insurance, N.V. (hereinafter "Fortis" or "Plaintiff"), by its

attorneys, Maloof Browne & Eagan LLC, provides the following initial disclosure pursuant to Rule

26(a)(1) of the Federal Rules of Civil Procedure ("FRCP").

        Plaintiff's disclosures are based on information available to Plaintiff thus far.  The

Plaintiff reserves the right to add to or amend these disclosures as investigation and discovery

continues.

       1.    *__WITNESSES__*:

| Name | Location | Potential Subjects of Information |
|------|----------|----------------------------------|

**Fortis Corporate Ins.**
Knowledgeable
Representative

Emile Jacqmainlaan 53
B-1000, Brussels
Belgium
Tel: +32 (0)2 664 87 11
Fax: +32 (0)2 664 87 50

Insurance

**Impact Unlimited**
Knowledgeable
representative, including
Scott Gomes (Senior
Claims Adjuster), Wayne
Conrad (Account
Executive), Bob Ferrare,
and David Burtchael

250 Ridge Road
Dayton, NJ 08810
Tel: (782) 274-2000
Fax: (732) 274-2417

Damages, Cargo

**United Van Lines**
Knowledgeable
representative, including
Linda Svatek (Senior
Claims Adjuster)

One United Drive
Fenton MO, 63026
Tel: (636) 326-3100

Cargo

**AGFA Medical**
Knowledgeable
representative, including
Philip Mortillaro (ret.)
(Marketing
Communications
Manager), Gus Toomey III
(Risk Management), and
Barbara Appleton

100 Challenger Road
Ridgefield Park, NJ 07660
Tel: (201) 440-2500
Fax: (201) 342-4742

Damages, Cargo

**MTI Inspection Services**
Knowledgeable
representative, including
Walt McGovern
(Inspector)

3009 West Colorado Ave
Colorado Springs, CO 80904
Tel: (800) 748-2133
Fax: (719) 633-6224

Causes of the Loss,
Damages, Cargo

**Bohren's North**
Knowledgeable
representative, including
Nancy Nieradka (United
Agent)

150 Lackawanna Ave.
Parsippany, NJ 07054

Cargo, Transportation
Contract

2

**Freight Traffic Services**
Knowledgeable
representative, including
Eileen Daneault (Claims
Administrator)

58 Chambers Brook Rd.
Somerville, NJ 08876
Tel: (908) 526-8700

Cargo, Transportation
Contract

In addition to the witnesses named above, Plaintiff anticipates that it may call other witnesses identified in the attached documents, all of which names are hereby incorporated by reference, and, based upon future investigation and discovery, anticipates identifying and calling other witnesses believed to be officers or employees of Impact Unlimited, United Van Lines LLC, AGFA Medical, Bohren's, Freight Traffic Services and/or MTI Inspection Services.

2. ***DOCUMENTS***:    (Rule 26(a)(1)(B) of FRCP)

The categories of documents subject to disclosure are listed below. Copies of the actual documents are also attached as a courtesy and bate stamped MB&E 1 to 48.

- Documents regarding the Shipment.
- Documents regarding the investigation into the loss.
- Documents regarding damages and the value of the cargo.

Please note that the above list is preliminary and subject to amendment. Furthermore, although documents are provided within specific categories, each may apply to more than one category of document.

3. ***DAMAGES***:    (Rule 26(a)(1)(C) of FRCP)

14 items (including labor and materials)                    $59,094.00

Total    $59,094.00

Documents concerning damages are included in the bate-stamped documents annexed hereto (MB&E 17-19, 34-36). Plaintiff reserves the right to amend the damages to

3

reflect adjustments, interest, fees, expenses and replacement costs.

4.    ***INSURANCE*:**    (Rule 26(a)(1)(D) of FRCP)

Not applicable.

Dated: October 24, 2007
Rye, New York

MALOOF BROWNE & EAGAN LLC

By _____

David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue – Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
Email: dmaloof@maloofandbrowne.com
         teagan@maloofandbrowne.com

*Attorneys for Plaintiff Fortis Corporate
Insurance, N.V.*

**Service List**

George W. Wright
George W. Wright & Associates, LLC
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005-1801
Tel: (212) 483-8266
*Attorney for Defendant United Van Lines, LLC*

4

# EXHIBIT "F"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FORTIS CORPORATE INSURANCE, N.V., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED VAN LINES, LLC, )<br>)<br>Defendant. )<br>)<br>) | Civil Action No. 07-CV-4050 (RWS)<br><br>**DEFENDANT'S FIRST DOCUMENT<br>REQUEST TO PLAINTIFF** |

S I R S :

Defendant, UNITED VAN LINES, LLC ("UNITED"), pursuant to Fed. R. Civ. P. 34, serves the following Request for the Production of Documents on plaintiff FORTIS CORPORATE INSURANCE, N.V. ("FORTIS") to which responses are due within thirty (30) days of service and shall be served on George W. Wright & Associates, LLC, Wall Street Plaza, 88 Pine Street, 7th Floor, New York, New York 10005-1801.

<u>**DEFINITIONS**</u>

1. The term "document" means any and all writings and graphic material of any kind and without limitation (including originals, drafts, modifications, whether or not subsequently finalized, and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise), and includes any stenographic, mechanical, electrical, tape or other recording, or a transcription thereof, any film, videotapes, photos or slides, any computer

printouts, computer programs, magnetic cards, microfilm, microfiche, or other electronic or mechanical information or data of any kind and description.

2.    "Subject shipment" refers to the Medical Property identified in the Complaint as the subject of this action and/or any portion of such equipment.

## DOCUMENT REQUESTS

1.    All master or national account transportation agreements relating to the subject shipment.

2.    All shipping orders or instructions relating to the subject shipment.

3.    All bills of lading relating to the subject shipment.

4.    All estimates and/or orders for service relating to the subject shipment.

5.    All packing lists, manifests, pick-up records, delivery records and inventories relating to the subject shipment.

6.    All invoices relating to the storage, packing, crating, handling or transportation of the subject shipment.

7.    All documents relating to or reflecting the pre-shipment condition of the subject shipment.

8.    All documents relating to any pre-shipment storage of the subject shipment.

9.    All documents relating or reflecting to the condition of the subject shipment at the time of or after delivery to the consignee.

10.    All documents relating to any written claim submitted to UNITED or its representatives relating to the subject shipment.

2

11.    All correspondence exchanged between or among plaintiff, AGFA Medical and/or their representatives and UNITED and/or its representatives relating to the subject shipment.

12.    All other documents exchanged between or among plaintiff, AGFA Medical and/or their representatives and UNITED and/or its representatives relating to the subject shipment.

13.    All notes, memoranda and/or other documents prepared by or on behalf of plaintiff or AGFA Medical relating to any communication with UNITED relating to the subject shipment.

14.    All correspondence exchanged between or among plaintiff, AGFA Medical and/or their representatives and Impact Unlimited and/or its representatives relating to the subject shipment.

15.    All other documents exchanged between or among plaintiff, AGFA Medical and/or their representatives and Impact Unlimited and/or its representatives relating to the subject shipment.

16.    All notes, memoranda and/or other documents prepared by or on behalf of plaintiff or AGFA Medical relating to any communication with Impact Unlimited relating to the subject shipment.

17.    All correspondence exchanged between or among plaintiff, AGFA Medical and/or their representatives and Freight Traffic Services and/or its representatives relating to the subject shipment.

18.    All other documents exchanged between or among plaintiff, AGFA Medical and/or their representatives and Freight Traffic Services and/or its representatives relating to the subject shipment.

19.    All notes, memoranda and/or other documents prepared by or on behalf of plaintiff or AGFA Medical relating to any communication with Freight Traffic Services relating to the subject shipment.

20.    All documents prepared by any expert on behalf of plaintiff relating to the subject shipment.

21.    All documents prepared by any inspector, surveyor or appraiser relating to the subject shipment.

22.    All photographs and/or videotapes depicting the subject shipment or any part of it.

23.    All documents relating to the purchase or resale of the subject shipment.

24.    All documents relating to any appraisal, repair or replacement of the subject shipment.

25.    All documents relating or reflecting to the present condition or value of the subject shipment.

26.    All insurance policies, endorsements, addenda and schedules thereto issued by plaintiff providing coverage for any loss or damage to the subject shipment.

27.    All claims, notices, proofs, correspondence and other documents exchanged between or among plaintiff, its insured and/or their representatives relating to the subject shipment.

4

28.    All other documents not requested above on which plaintiff may rely to establish any element of alleged liability and/or damages against UNITED in this action.

PLEASE TAKE FURTHER NOTICE that mailing to the undersigned attorneys of the items requested for production at least seven (7) days prior to the aforementioned date will be deemed sufficient compliance.

Dated: New York, New York
        July 6, 2007

GEORGE W. WRIGHT & ASSOCIATES, LLC

BY: _____
        GEORGE W. WRIGHT (GW/6957)
        Attorneys for Defendant
        Wall Street Plaza
        88 Pine Street, 7th Floor
        New York, NY 10005-1801
        (212) 483-8266

TO:    David T. Maloof, Esq.
        Thomas M. Eagan, Esq.
        MALOOF BROWNE & EAGAN LLC
        Attorneys for Plaintiff
        411 Theodore Fremd Avenue – Suite 190
        Rye, NY 10580
        (914) 921-1200

5

# EXHIBIT "G"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FORTIS CORPORATE INSURANCE, N.V., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 07-CV-4050 (RWS) |
| | ) |
| v. | ) **DEFENDANT'S SECOND DOCUMENT** |
| | ) **REQUEST TO PLAINTIFF** |
| | ) |
| UNITED VAN LINES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

S I R S :

      Defendant, UNITED VAN LINES, LLC ("UNITED"), pursuant to Fed. R. Civ. P. 34, serves the following Second Request for the Production of Documents on plaintiff FORTIS CORPORATE INSURANCE, N.V. ("FORTIS") to which responses are due within thirty (30) days of service and shall be served on George W. Wright & Associates, LLC, Wall Street Plaza, 88 Pine Street, 7th Floor, New York, New York 10005-1801.

      1.    All documents reflecting the pre-shipment value of any allegedly damaged item.

      2.    All documents reflecting repairs to any of the subject goods, projected repairs or repair costs and the extent of any alleged damages.

      3.    All documents on which plaintiff relies for its claimed repair, replacement and labor costs.

      4.    Any documents reflecting any payment to, or any agreement by AGFA or any other party to pay, UVL for any special or separate risk-related charges for the transportation or handling of the subject shipments.

5.    Complete copies of all Impact Unlimited Shipping Lists covering the nine

(9) subject shipments from Illinois to New Jersey.

PLEASE TAKE FURTHER NOTICE that mailing to the undersigned attorneys of

the items requested for production at least seven (7) days prior to the aforementioned date will be

deemed sufficient compliance.

Dated: New York, New York
          November 13, 2007

GEORGE W. WRIGHT & ASSOCIATES, LLC

BY: _____

GEORGE W. WRIGHT (GW/6957)
Attorneys for Defendant
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005-1801
(212) 483-8266

TO:    Todd A. Barton, Esq.
        MALOOF BROWNE & EAGAN LLC
        Attorneys for Plaintiff
        411 Theodore Fremd Avenue – Suite 190
        Rye, NY 10580
        (914) 921-1200

2

# EXHIBIT "H"

DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FORTIS CORPORATE INSURANCE, N.V.,             :

                          *Plaintiffs,*        :          **07 Civ. 4050 (RWS) (DCF)**

          - against -                          :

UNITED VAN LINES, LLC,                         :

                          *Defendants,*        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## OBJECTIONS AND RESPONSES TO DEFENDANT UVL'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Fortis Corporate Insurance, N.V. ("Fortis") hereby submits its response

to the First Document Request to Plaintiff of Defendant United Van Lines, LLC ("United" or

"Defendant"), served on October 22, 2007.

### GENERAL OBJECTIONS

Plaintiff objects to the Requests for Production that purport to require Plaintiff to

take steps beyond those required by the Federal Rules of Civil Procedure and the Local Rules of

this Court. Plaintiff further objects to producing documents protected by the attorney-client

privilege, attorney work product and trial preparation materials. As agreed, we are prepared to

exchange privilege logs on an agreed date. Plaintiff also will not be producing for a second time

any documents already produced.

Subject to the foregoing general objections, which are hereby asserted as to each of the following document requests, Plaintiff's further specific objections and responses follow. Plaintiff's counsel reserves the right to supplement this response if further information becomes available.

## REQUESTS FOR PRODUCTION

1.    All master or national account transportation agreements relating to the subject shipment.

**OBJECTION:**  The request is unduly vague.  Subject to objection, documents will be produced.

2.    All shipping orders or instructions relating to the subject shipment.

**OBJECTION:**  The request is unduly vague.  Subject to objection, documents will be produced.

3.    All bills of lading relating to the subject shipment.

**RESPONSE:**  Documents will be produced.

4.    All estimates and/or orders for service relating to the subject shipment.

**OBJECTION:**  The request is unduly vague, overbroad, unduly burdensome and seeks irrelevant documents that have no relation to the litigation, nor are they reasonably calculated to lead to the discovery of admissible evidence.  Subject to the objection, documents will be produced.

5.    All packing lists, manifests, pick-up records, delivery records and inventories relating to the subject shipment.

**RESPONSE:** Documents will be produced.

6.    All invoices relating to the storage, packing, crating, handling or transportation of the subject shipment.

**OBJECTION:** The request is overbroad and unduly burdensome. Subject to objection, documents will be produced.

7.    All documents relating to or reflecting the pre-shipment condition of the subject shipment.

**OBJECTION:** The request is unduly vague, overbroad and unduly burdensome. Subject to objection, documents will be produced.

8.    All documents relating to any pre-shipment storage of the subject shipment.

**OBJECTION:** The request is vague, overbroad and unduly burdensome. Subject to objection, documents will be produced.

9.    All documents relating or reflecting to the condition of the subject shipment at the time of or after delivery to the consignee.

**RESPONSE:** Documents will be produced.

10.    All documents relating to any written claim submitted to UNITED or its representatives relating to the subject shipment.

**RESPONSE:**  Documents will be produced.


11.    All correspondence exchanged between or among plaintiff, AGFA Medical and/or their representatives and UNITED and/or its representatives relating to the subject shipment.

**OBJECTION:**  The request is overbroad and unduly burdensome.  Subject to objection, documents will be produced.


12.    All other documents exchanged between or among plaintiff, AGFA Medical and/or their representatives and UNITED and/or its representatives relating to the subject shipment.

**OBJECTION:**    The request is unduly vague, overbroad and unduly burdensome. Subject to objection, documents will be produced.


13.    All notes, memoranda and/or other documents prepared by or on behalf of plaintiff or AGFA Medical relating to any communication with UNITED relating to the subject shipment.

**OBJECTION:**  The request is overbroad and unduly burdensome.  Subject to objection, no such documents exist.


4

14.    All correspondence exchanged between or among plaintiff, AGFA Medical and/or their representatives and Impact Unlimited and/or its representatives relating to the subject shipment.

**OBJECTION:**  The request is overbroad and unduly burdensome.  Subject to objection, documents will be produced.

15.    All other documents exchanged between or among plaintiff, AGFA Medical and/or their representatives and Impact Unlimited and/or its representatives relating to the subject shipment.

**OBJECTION:**  The request is overbroad and unduly burdensome.  Subject to objection, documents will be produced.

16.    All notes, memoranda and/or other documents prepared by or on behalf of plaintiff or AGFA Medical relating to any communication with Impact Unlimited relating to the subject shipment.

**OBJECTION:**  The request is overbroad and unduly burdensome.  Subject to objection, no such documents exist.

17.    All correspondence exchanged between or among plaintiff, AGFA Medical and/or their representatives and Freight Traffic Services and/or its representatives relating to the subject shipment.

**OBJECTION:**  The request is overbroad and unduly burdensome.  Subject to objection, documents will be produced.

5

18.    All other documents exchanged between or among plaintiff, AGFA Medical and/or their representatives and Freight Traffic Services and/or its representatives to the subject shipment.

**OBJECTION:**  The request is overbroad and unduly burdensome.  Subject to objection, documents will be produced.


19.    All notes, memoranda and/or other documents prepared by or on behalf of plaintiff or AGFA Medical relating to any communication with Freight Traffic Services relating to the subject shipment.

**OBJECTION:**  The request is overbroad and unduly burdensome.  Subject to objection, no such documents exist.


20.    All documents prepared by any expert on behalf of plaintiff relating to the subject shipment.

**OBJECTION:**   The request is premature.  All discoverable material regarding expert witnesses will be provided in due course pursuant the Federal Rules of Civil Procedure, Local Rules and the Scheduling Order.


21.    All documents prepared by an inspector, surveyor or appraiser relating to the subject shipment.

**RESPONSE:** Documents will be produced.

22.    All photographs and/or videotapes depicting the subject shipment or any part of it.

**RESPONSE**: Documents will be produced.

23.    All documents relating to the purchase or resale of the subject shipment.

**OBJECTION**: The request is overbroad and seeks irrelevant documents that have no relation to the litigation, nor are they reasonably calculated to lead to the discovery of admissible evidence. Subject to objection, none exist at this time.

24.    All documents relating to any appraisal, repair or replacement of the subject shipment.

**OBJECTION**: The request is unduly vague, overbroad, unduly burdensome and seeks irrelevant documents that have no relation to the litigation, nor are they reasonably calculated to lead to the discovery of admissible evidence. Subject to objection, documents will be produced.

25.    All documents relating or reflecting the present condition or value of the subject shipment.

**RESPONSE**: Documents will be produced.

26.    All insurance policies, endorsements, addenda and schedules thereto issued by plaintiff providing coverage for any loss or damage to the subject shipment.

**RESPONSE**:    The request is overbroad, unduly burdensome and seeks irrelevant documents that have no relation to the litigation, nor are they reasonably calculated to lead to the discovery of admissible evidence.

7

27.    All claims, notices, proofs, correspondence and other documents exchanged between or among plaintiff, its insured and/or their representatives relating to the subject shipment.

**OBJECTION**:    The request is vague, overbroad, unduly burdensome and seeks irrelevant documents that have no relation to the litigation, nor are they reasonably calculated to lead to the discovery of admissible evidence.  Subject to objection, documents will be produced.

28.    All other documents not requested above on which plaintiff may rely to establish any element of alleged liability and/or damages against UNITED in this action.

**OBJECTION**:    The request is vague, overbroad, unduly burdensome and calls upon Plaintiff's counsel to reveal attorney work product.  It is also premature.

Date:    December 5, 2007
         Rye, New York

                              MALOOF BROWNE & EAGAN, LLC

                              By
                                 David T. Maloof (DM 3350)
                                 Todd A. Barton (TB 0908)
                              411 Theodore Fremd Avenue, Suite 190
                              Rye, New York 10580-1411
                              Tel: (914) 921-1200
                              Fax: (914) 921-1023
                              Email: dmaloof@maloofandbrowne.com
                                     tbarton@maloofandbrowne.com
                              *Attorneys for Plaintiff Fortis Corporate Insurance N.V.*

8

TO:

George W. Wright
George W. Wright & Associates, LLC
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005-1801
Tel: (212) 483-8266
*Attorneys for Defendant United Van Lines, LLC*

# EXHIBIT "I"

DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FORTIS CORPORATE INSURANCE, N.V.,             :

                           *Plaintiffs,*             :    **07 Civ. 4050 (RWS)**

        - against -             :

UNITED VAN LINES, LLC,             :

                          *Defendants,*             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### OBJECTIONS AND RESPONSES TO DEFENDANT UVL'S
### SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Fortis Corporate Insurance, N.V. ("Fortis") hereby submits its response to the Second Document Request to Plaintiff of Defendant United Van Lines, LLC ("United" or "Defendant"), served on November 13, 2007.

### GENERAL OBJECTIONS

Plaintiff objects to the Requests for Production that purport to require Plaintiff to take steps beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff further objects to producing documents protected by the attorney-client privilege, attorney work product and trial preparation materials. As agreed, we are prepared to exchange privilege lists on an agreed date. Plaintiff also will not be producing for a second time any documents already produced.

Subject to the foregoing general objections, which are hereby asserted as to each of the following document requests, Plaintiff's further specific objections and responses follow. Plaintiff's counsel reserves the right to supplement this response if further information becomes available.

## REQUESTS FOR PRODUCTION

1.    All documents reflecting the pre-shipment value of any allegedly damaged item.

**OBJECTION:**    The request is overbroad, unduly burdensome and seeks irrelevant documents that have no relation to the litigation, nor are they reasonably calculated to lead to the discovery of admissible evidence.  Subject to objection, documents will be produced.


2.    All documents reflecting repairs to any of the subject goods, projected repairs or repair costs and the extent of any alleged damages.

**OBJECTION:**    The request is unduly vague, overbroad and unduly burdensome. Subject to objection, documents will be produced.


3.    All documents on which plaintiff relies for its claimed repair, replacement and labor costs.

**OBJECTION:**  The request calls for Plaintiff's counsel's work product and is premature. Subject to objection, documents will be produced.

2

4.    Any documents reflecting any payment to, or any agreement by AGFA or any other party to pay, UVL for any special or separate risk-related charges for the transportation or handling of the subject shipments.

**OBJECTION:** The request calls for Plaintiff's counsel's work product and is premature. Subject to objection, documents will be produced.

5.    Complete copies of all Impact Unlimited Shipping Lists covering the nine (9) subject shipments from Illinois to New Jersey.

**RESPONSE:** Documents will be produced.

Date:    December 5, 2007
         Rye, New York

                            MALOOF BROWNE & EAGAN, LLC

                            By
                               David T. Maloof (DM 3350)
                               Todd A. Barton (TB 0908)
                               411 Theodore Fremd Avenue, Suite 190
                               Rye, New York 10580-1411
                               Tel: (914) 921-1200
                               Fax: (914) 921-1023
                               Email: dmaloof@maloofandbrowne.com
                                      tbarton@maloofandbrowne.com
                               *Attorneys for Plaintiff Fortis Corporate Insuarnce
                               N.V.*

TO:

George W. Wright
George W. Wright & Associates, LLC
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005-1801
Tel: (212) 483-8266
*Attorneys for Defendant United Van Lines, LLC*

F://WP-Docs/0701.83/090707 Resp to TA's Req for Prod.doc