# EXHIBIT "J"

| | |
|---|---|
| **From:** | Todd Barton |
| **Sent:** | Monday, November 26, 2007 6:27 PM |
| **To:** | 'Wayne Conrad' |
| **Cc:** | David Maloof |
| **Subject:** | Fortis v. UVL (Your Ref: AGFA Damage)(Our Ref: 2202.04) |

Mr. Conrad,

We know you are not our client in the above-captioned matter, but we are hoping you can help us nevertheless.

Attached please find a discovery request for the production of documents from opposing counsel in the above-captioned case. If you could, kindly provide responses and corresponding documents for all questions *not* marked "OBJ".

We sincerely apologize for the late notice, but kindly have these documents to us by our opening on December 5, 2007.

Please contact Dave Maloof or myself with any questions.

**Todd A. Barton**
Maloof, Browne & Eagan, LLC
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
Phone (914) 921-1200  Fax (914) 921-1023
tbarton@maloofandbrowne.com

This email contains information that is confidential, attorney-client privileged, attorney work-product and/or that is otherwise privileged or protected. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges. This email is sent on a without prejudice basis and all contents are subject to client approval before becoming binding.

Defendant's
Requests for Produ..

# EXHIBIT "K"

**Susan Wright**

| | |
|---|---|
| **From:** | George Wright [gwright@wright-associate.com] |
| **Sent:** | Wednesday, August 22, 2007 5:21 PM |
| **To:** | 'David Maloof' |
| **Subject:** | RE: Fortis v. UVL / our ref. 2202.04 / $ 50,094 |

David:

In response to yours of Aug. 14, there are a few issues needing attention before we can divine UVL's moral obligations.

First, our investigation discloses that the goods were properly secured within the vehicle, but the shipper-packed units were poorly assembled in Chicago before being loaded causing them to fall apart in transit.

Second, the agreed limitation in the service contract and tariff is $5 per pound per article.  UVL has not had an opportunity to do a proper inspection because the subject items were not ready for MTI's viewing.  If you will give us dates when they can be staged and segregated for MTI's inspection, we will expedite same from our end.

Third, all we have to support plaintiff's figures is its summary.  We need copies of any documents on which plaintiff relies for its claimed itemized repair, replacement and labor amounts.

Fourth, Praxair's lack of traction even within the SDNY, let alone other courts, speaks for itself. But if AGFA contends that it paid a separate risk-related "strapping" charge to UVL, please provide us with any supporting documents.

Fifth, we are still searching for evidence of a written claim being timely-filed with UVL and would appreciate your prompt assistance in resolving this issue so we can focus on the others.

Best regards,

George W. Wright

-----Original Message-----
From: David Maloof [mailto:Dmaloof@maloofandbrowne.com]
Sent: Tuesday, August 14, 2007 1:18 PM
To: gwright@wright-associate.com
Subject: Fortis v. UVL / our ref. 2202.04 / $ 50,094

George, nice speaking to you-.

1.I have looked over this file and not only is the heavy damage noted upon delivery on the bill of lading, it is also noted theren that the load was not strapped, as expressly required on the bill of lading.

2.If that is the case, then the "possible" problems in packaging that you referred to related to other shipments would be irrelevant.

3. The b/l has a weight of 28,000 pounds, and there are a massive volume of heavy pieces damaged, and therefore limit of liability does not come into play

4.Nor could limit of liability matter in this District, per the Praxair and Allied decisions, for cargoes that are left unstrapped.

I know that is hard for a defense lawyer to flat out tell his client when he has to do the morally responsible thing and reimburse a customer

1

for damage, but this would seem to be the textbook case for that approach.

Please look hard at this file for settlement  and maybe we can give you a small discount before we have to consider responding to voluminous discovery, Rule 26 and all that good stuff which we both know how to do! But we also both know that there are limited additional meaningful facts to disclose, and this is really a tiny case in the scheme of the world.

What else can I give you to make this happen?

Sincerely,

David T. Maloof
Maloof Browne & Eagan LLC
411 Theodore Fremd Avenue
Rye, New York  10580
Telephone (914) 921-1200
Fax (914) 921-1023
E-Mail: dmaloof@maloofandbrowne.com <mailto:dmaloof@maloofandbrowne.com>

This email contains information that is confidential, attorney-client privileged, attorney work-product and/or that is otherwise privileged or protected.  The contents of this email are intended only for the recipient(s) listed above.  If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission.  If you have received this email in error, please notify the sender immediately and delete the transmission.  Delivery of this message is not intended to waive any applicable privileges.  This email is sent on a without prejudice basis and all contents are subject to client approval before becoming binding.

411 Theodore Fremd Avenue
Rye, New York  10580
Telephone (914) 921-1200
Fax (914) 921-1023
E-Mail: dmaloof@maloofandbrowne.com <mailto:dmaloof@maloofandbrowne.com>

This email contains information that is confidential, attorney-client privileged, attorney work-product and/or that is otherwise privileged or protected. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges. This email is sent on a without prejudice basis and all contents are subject to client approval before becoming binding.

-----Original Message-----
**From:** George Wright [mailto:gwright@wright-associate.com]
**Sent:** Friday, August 31, 2007 8:31 PM
**To:** David Maloof
**Subject:** RE: Re:Fortis v. UVL; Our Ref: 2202.04

David:

Since our last correspondence, we determined that Bohren's received Impact's Damage Assessment Report in 2/06 shortly after its preparation date.

We are still awaiting UVL's copies of any MTI reports/photos relating to the shipments before deciding on a further inspection. Please clarify whether the goods are still available for inspection in their delivered or repaired condition and, if so, their present location. The attached e-mails do not appear to be between Impact and MTI but, instead, to and from Agfa's freight bill agent, Freight Traffic Services.

In the meantime, we would appreciate receiving a copy of the 3/16/06 letter from UVL adjuster Linda Svatek, the United adjuster reports and color copies of Impact's digital photos referenced in its 3/30/06 letter.

Thanks for your cooperation.

George W. Wright


-----Original Message-----
**From:** David Maloof [mailto:Dmaloof@maloofandbrowne.com]
**Sent:** Friday, August 31, 2007 5:56 PM
**To:** Litigation; gwright@wright-associate.com
**Subject:** RE: Re:Fortis v. UVL; Our Ref: 2202.04

Please direct any response to me.

Sincerely,

**David T. Maloof**
Maloof Browne & Eagan LLC
411 Theodore Fremd Avenue
Rye, New York  10580
Telephone (914) 921-1200
Fax (914) 921-1023
E-Mail: dmaloof@maloofandbrowne.com <mailto:dmaloof@maloofandbrowne.com>

## Susan Wright

| | |
|---|---|
| **From:** | George Wright [gwright@wright-associate.com] |
| **Sent:** | Wednesday, September 26, 2007 3:07 PM |
| **To:** | 'David Maloof' |
| **Cc:** | 'Jean Sweeney (Maloof & Browne)' |
| **Subject:** | RE: Re:Fortis v. UVL (Your Ref: 2202.04) (UVL No. 10000000470) |

David:

In anticipation of the Oct. 10 settlement conference, the following documents and information, some of which have been previously requested, would be very helpful.

First, after sorting out the various shipments, it appears that the relevant one moved under UVL Order No. 626-7242-5 as stated in Impact Unlimited's March 30, 2006 letter to UVL.   We understand this shipment was hauled by Robert Rolling SLC and not Bohren's.   If Impact or AGFA has any carrier inventory or other record, besides the B/L, reflecting the condition of the above order, and any other order with alleged damage, please provide us with copies.

Second, with respect to the items listed in Impact's damage summary, dated Feb. 24, 2006, please advise:

(a) whether these items represent the entire claim and, if not, identify any other relevant goods and provide supporting documents;

(b) whether these items were repaired and, if so, provide us with all supporting repair, replacement, salvage, labor and other documents supporting the claimed amounts;

(c) whether these items are still available for further inspection and, if so, when and where;

(d) whether Impact or AGFA have any catalogues, parts lists, packing lists, spec. sheets or other documents listing the descriptions, specs., weights, prices and similar data for the items at issue.  If so, please provide copies to us.

Third, please provide us with clear duplicates of the seven (7) photos purportedly showing the condition of the goods before unloading at destination, and any other photos of the items in suit.

Thanks for your continued assistance.

George W. Wright

> -----Original Message-----
> **From:** David Maloof [mailto:Dmaloof@maloofandbrowne.com]
> **Sent:** Thursday, September 20, 2007 10:48 AM
> **To:** George Wright
> **Cc:** Jean Sweeney (Maloof & Browne)
> **Subject:** RE: Re:Fortis v. UVL; Our Ref: 2202.04
>
> Jean - please forward subro to Mr. Wright.
>
> Sincerely,
>
> **David T. Maloof**
> Maloof Browne & Eagan LLC

## Susan Wright

**From:** George Wright [gwright@wright-associate.com]
**Sent:** Friday, October 19, 2007 5:27 PM
**To:** 'David Maloof'
**Subject:** RE: Fortis v. UVL (UVL No. 10000000470)(Our Ref: 2202.04) (1 of 3)

David:

We conveyed your settlement proposal and UVL wants to go ahead with inspecting the items that have been repaired and are awaiting repairs.

As soon as you can provide us with their location and availability, we will line up MTI.   Without waiving UVL's other discovery requests, it would expedite settlement if we had all the back-up for the $59,000 in repair costs claimed in Impact's Feb., 2006 statement and the other Shipping Lists as requested in our previous e-mails.

George W. Wright

> -----Original Message-----
> **From:** David Maloof [mailto:Dmaloof@maloofandbrowne.com]
> **Sent:** Friday, October 19, 2007 4:26 PM
> **To:** counsel; gwright@wright-associate.com
> **Subject:** RE: Fortis v. UVL (UVL No. 10000000470)(Our Ref: 2202.04) (1 of 3)
>
> George-
>
> Can we settle this claim? Do we really need to bother a federal judge with this size matter?
>
> Hopefully we can settle it before the upcoming conference.
>
> Sincerely,
>
> **David T. Maloof**
> Maloof Browne & Eagan LLC
> 411 Theodore Fremd Avenue
> Rye, New York 10580
> Telephone (914) 921-1200
> Fax (914) 921-1023
> E-Mail: dmaloof@maloofandbrowne.com <mailto:dmaloof@maloofandbrowne.com>
>
> This email contains information that is confidential, attorney-client privileged, attorney work-product and/or that is otherwise privileged or protected.  The contents of this email are intended only for the recipient(s) listed above.  If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission.  If you have received this email in error, please notify the sender immediately and delete the transmission.  Delivery of this message is not intended to waive any applicable privileges.  This email is sent on a without prejudice basis and all contents are subject to client approval before becoming binding.
>
> -----Original Message-----
> **From:** counsel
> **Sent:** Friday, October 12, 2007 5:00 PM
> **To:** 'gwright@wright-associate.com'
> **Cc:** David Maloof
> **Subject:** FW: Fortis v. UVL (UVL No. 10000000470)(Our Ref: 2202.04) (1 of 3)
>
> Mr. Wright,

**Susan Wright**

From:       George Wright [gwright@wright-associate.com]
Sent:       Tuesday, October 23, 2007 7:11 PM
To:         dmaloof@maloofandbrowne.com
Subject:    Fortis Ins. v. UVL

David:

This responds to your Oct. 22 e-mail.

At first you state that the limitation is 50% of the claim, but then advise
that the estimates for unrepaired items far exceed the limitation and
plaintiff expects payment on the estimates.    Please explain.

We are not accustomed to accepting photo inspections and, in all modesty, my
legal judgment trumps MTI's.   The sooner we get the inspection done, the
better.

As UVL was not responsible for packaging the goods, it does not follow that
UVL's liability is undisputed because of MTI's "no packaging" notation.

If AGFA has still not repaired most of the goods and has no repair bills,
please provide us with whatever documents plaintiff does have reflecting
incurred and projected repair costs.   Also, please clarify who is the
"final client" and what are they waiting for after two years?

George W. Wright

George W. Wright & Associates, LLC
Continental Plaza
401 Hackensack Avenue
Hackensack, NJ 07601
T: 201.342.8884
F: 201.343.8869

Wall Street Plaza
88 Pine Street, 7th Fl.
New York, NY 10005
T: 212.483.8266
F: 212.483.0971

gwright@wright-associate.com
Http://www.wright-associate.com

The information contained in this E-mail message is privileged, confidential
and may be protected from disclosure.   Any other use,printing, copying,
disclosure or dissemination of this communication may be subject to legal
restriction or sanction. If you believe that you have received this E-mail
message in error, please reply to the sender.   This E-mail message and any
attachments have been scanned for viruses and are believed to be free of any
virus or other defect that might affect any computer system into which it is
received and opened.   It is the responsibility of the recipient, however, to
ensure that this E-mail message is virus free and no responsibility is
accepted by George W. Wright & Associates, LLC for any loss or damage
arising in any way from its use.

## Susan Wright

**From:**      George Wright [gwright@wright-associate.com]
**Sent:**      Monday, December 03, 2007 5:17 PM
**To:**        'David Maloof'; 'Todd Barton'
**Subject:**   RE: Fortis v. United Van Lines (Our Ref: 2202.04) WITHOUT PREJUDICE UNDER FRE 408

If your case did not satisfy the jurisdictional amount, Judge Sweet would have dismissed it long ago.

We doubt that a premature settlement conference with the Magistrate would be productive if it is set before the third-party defendants appear in the case, or before plaintiff produces the goods for inspection.   In any event, we will comply with the Magistrate's rules.

We understand there is no package limitation and either a $5 or $10 per lb. per article limitation applies.  UVL reserves all defenses with respect to liability and damages. We expect to be in a better position to discuss both after the inspection and after the third party defendants' driver is interviewed or deposed.

Please confirm this week that plaintiff will comply with its Rule 34 obligation to produce the goods for inspection as soon as the third party defendants are in the case.   UVL and the third party defendants not going to pay $8,000 to inspect 14 items, but we are willing to recommend a reasonable hourly rate to stage the goods.

George W. Wright

-----Original Message-----
**From:** David Maloof [mailto:Dmaloof@maloofandbrowne.com]
**Sent:** Monday, December 03, 2007 11:46 AM
**To:** Todd Barton; gwright@wright-associate.com
**Subject:** RE: Fortis v. United Van Lines (Our Ref: 2202.04) WITHOUT PREJUDICE UNDER FRE 408

As you know, Judge Sweet has indicated that he wants this case (which is less than the normal jurisdictional amount to even be in federal court) settled as soon as possible. A settlement conference with Magistrate Judge Freeman will be held shortly. We will be forwarding discovery responses this week.

Now that there is no package limit, the issue is what are the remaining defenses? I know that you claim that the packaging was poor and that this caused the loss but as the photos upon delivery show that the cargo was not strapped (although required to be). It is simply impossible to now with hindsight to claim that the packaging was the sole cause the loss. So our client will not consider any discount related  to liability issues.

Please confirm this week as follows:

1. That you and your client will personlly appear at the settlement conference, and not send an associate who has no authority to discuss the issues.

2. That if you still wish to inspect the damage cargo for the third time, you will complete that before the conference.

3. What material damages issues really exist and which you wish us to address in advance of the conference so that we can have fruitful negotiations and bring this claim to a prompt resolution.

Thank you.

12/3/2007

# EXHIBIT "L"

## George Wright

**From:**    David Maloof [Dmaloof@maloofandbrowne.com]
**Sent:**    Monday, December 03, 2007 5:21 PM
**To:**    George Wright; Todd Barton
**Subject:** RE: Fortis v. United Van Lines (Our Ref: 2202.04) WITHOUT PREJUDICE UNDER FRE 408

1. We agree to attempt to defer the mediation until all parties are present. Please serve them immediately.

2. The fee charged for the inspection is set by the third-party holding the goods and whatever fee you agree with them is fine with us. Our client does not presently posess the goods and can not set their rates for them.

3. If a short deposition of the truck driver would be useful we would like to appear by telephone to save costs.

Sincerely,

**David T. Maloof**
Maloof Browne & Eagan LLC
411 Theodore Fremd Avenue
Rye, New York  10580
Telephone (914) 921-1200
Fax (914) 921-1023
E-Mail: dmaloof@maloofandbrowne.com <mailto:dmaloof@maloofandbrowne.com>

This email contains information that is confidential, attorney-client privileged, attorney work-product and/or that is otherwise privileged or protected. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges. This email is sent on a without prejudice basis and all contents are subject to client approval before becoming binding.

-----Original Message-----
**From:** George Wright [mailto:gwright@wright-associate.com]
**Sent:** Monday, December 03, 2007 5:16 PM
**To:** David Maloof; Todd Barton
**Subject:** RE: Fortis v. United Van Lines (Our Ref: 2202.04) WITHOUT PREJUDICE UNDER FRE 408

If your case did not satisfy the jurisdictional amount, Judge Sweet would have dismissed it long ago.

We doubt that a premature settlement conference with the Magistrate would be productive if it is set before the third-party defendants appear in the case, or before plaintiff produces the goods for inspection.  In any event, we will comply with the Magistrate's rules.

We understand there is no package limitation and either a $5 or $10 per lb. per article limitation applies.  UVL reserves all defenses with respect to liability and damages. We expect to be in a better position to discuss both after the inspection and after the third party defendants' driver is interviewed or deposed.

Please confirm this week that plaintiff will comply with its Rule 34 obligation to produce the goods for inspection as soon as the third party defendants are in the case.   UVL and the third party defendants not going to pay $8,000 to inspect 14 items, but we are willing to recommend a reasonable hourly rate to stage the goods.

George W. Wright

# EXHIBIT "M"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FORTIS CORPORATE INSURANCE, N.V., <br><br> Plaintiff, <br><br> v. <br><br> UNITED VAN LINES, LLC, <br><br> Defendant. <br><br> UNITED VAN LINES, LLC, <br><br> Third-Party Plaintiff, <br><br> - against - <br><br> TRW TRUCKING, LLC n/k/a SPORTS ASSOCIATED, INC., and SPORTS ASSOCIATED, INC. <br><br> Defendant. | Civil Action No. 07-CV-4050 (RWS) (DCF) <br><br> **NOTICE OF DEPOSITION** <br> **TO PLAINTIFF** |

S I R S :

      PLEASE TAKE NOTICE, that pursuant to Fed. R. Civ. P 30, the undersigned attorneys will examine plaintiff, FORTIS CORPORATE INSURANCE, N.V. ("FORTIS") through its following representatives:

      (1)  Mr. E. Diaz on February 1, 2008 at 10:00 am;

      (2)  Mr. Scott Gomes on February 1, 2008 at 2:00 pm;

      (3)  Mr. Wayne Conrad on February 4, 2008 at 10:00 am;

at the offices of George W. Wright & Associates, LLC, and

PLEASE TAKE FURTHER NOTICE, that pursuant to Fed. R. Civ. P. 30 (b) (6), the undersigned attorneys will examined one or more designated representatives of FORTIS and its subrogor Agfa Corp. having personal knowledge of (a) the condition of subject shipments at the time of their receipt by UNITED VAN LINES, LLC in Chicago, Illinois and upon their delivery to the consignee in Dayton, New Jersey and (b) the settlement of the subject claim between FORTIS and Agfa Corp. on February 6, 2008 commencing at 10:00 a.m., at the offices of George W. Wright & Associates, LLC, 88 Pine Street, 7th Floor, New York, NY 10005-1801 before a person authorized by the laws of the State of New York to administer oaths. The depositions will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE, that plaintiff is required to produce at the above-mentioned time and place the originals of all documents identified in (1) Defendant's First Request for Production of Documents to Plaintiff, dated July 6, 2007; (2) Defendant's Second Request for Production of Documents to Plaintiff, dated November 13, 2007 together with (3) plaintiff FORTIS's complete original underwriting and claim files relating to the shipments and claim that are the subject of this action.

Dated: New York, New York
        December 12, 2007

GEORGE W. WRIGHT & ASSOCIATES, LLC

BY: _____
    GEORGE W. WRIGHT (GW6957)
    Attorneys for Defendant
    Wall Street Plaza
    88 Pine Street, 7th Floor
    New York, NY 10005-1801
    (212) 483-8266

2

TO:   David T. Maloof, Esq.
        Thomas M. Eagan, Esq.
        MALOOF BROWNE & EAGAN LLC
        Attorneys for Plaintiff
        411 Theodore Fremd Avenue – Suite 190
        Rye, NY  10580
        (914) 921-1200

# EXHIBIT "N"



*Attorneys At Law*

# GEORGE W. WRIGHT
# & ASSOCIATES, LLC

George W. Wright*
Narinder S. Parmar*
Peter J. Fabriele*>

Lisa Waxman Davis^†
Kevin Foley*†

December 19, 2007

### VIA FACSIMILE (212-805-4258)

Hon. Debra C. Freeman, U.S.M.J.
United States Courthouse
500 Pearl Street, Room 525
New York, NY 10007

Re:    **Fortis Corporate Insurance, N.V. v. United Van Lines, LLC**
       **Civil Action No. 07-CV-4050 (RWS) (DCF)**
       **Our File No. 11625**

Dear Magistrate Freeman:

We are counsel for defendant United Van Lines, LLC ("United") in the above action.

With chambers' permission, we are writing to request a telephone or in camera conference to resolve certain discovery issues.

Since August, 2007, we have made several written requests to plaintiff's counsel for an inspection of the shipped property that is the subject of this subrogation action.   Plaintiff contends it is only an insurer and does not "possess" the goods.   United contends that plaintiff, as the subrogee of its insured cargo owner, has legal control over the goods and an obligation under Fed.R.Civ.P. 34 to produce them for inspection.   Physical possession of requested items is not necessary to establish "control" over them for discovery purposes, which is broadly construed by this Court.  See, U.S. v. Stein, 488 F. Supp. 2d 350, 361 (S.D.N.Y. 2007).  Treatment of both subrogor and subrogee as parties with a substantial interest in litigation is proper where to do otherwise would frustrate discovery. The Bank of New York v. Meridien Biao Bank Tanzania Ltd., 171 F.R.D. 135, 148 (S.D.N.Y. 1997).

United requested plaintiff to provide available inspection dates in January, 2008 and the location where the goods will be made available, however, plaintiff has not responded (see attached letter, dated December 12, 2007).

*New Jersey*
Continental Plaza
401 Hackensack Avenue
Hackensack, NJ 07601
T 201.342.8884
F 201.343.8869

*New York*
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005
T 212.483.8266
F 212.483.0971

www.wright-associate.com

†*Of Counsel*
°*Member NJ & NY Bars*
^*Member NY Bar*
>*Member Washington DC Bar*



Lastly, a conference is required to address plaintiff's insufficient responses to UVL's First Set of Interrogatories, First Document Requests and four (4) supplemental requests directed to plaintiff's alleged damages.

Thank you for your attention and consideration.

Respectfully submitted,

*George W. Wright*

George W. Wright

GWW:cn
Encl.

cc. David T. Maloof, Esq. (Via Facsimile - 914-921-1023)
   (Your File No. 2204.04)

# EXHIBIT "O"

# MALOOF BROWNE & EAGAN LLC

DAVID T. MALOOF

411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580
Telephone (914) 921-1200
Telecopier (914) 921-1023
E-mail: dmaloof@maloofandbrowne.com

December 19, 2007

### Via Facsimile – 2 pages

Honorable Debra Freeman
U.S. Magistrate Judge
U.S. Courthouse
40 Foley Square
New York, New York 10007
Fax: (212) 805-4258

DEC 19 2007

|   |   |
|---|---|
| Re: | *Fortis Corporate Insurance N.V. v. United Van Lines, LLC* |
| Docket: | 07 Civ. 4050 (RWS)(DCF) |
| Your Ref: | No. 10000000470 (UVL No.) |
| Our Ref: | 2202.04 |

Dear Magistrate Judge Freeman:

We are counsel for plaintiffs in the referenced matter.

We write to respond to defense counsel's letter of today in which he advises that we do not respond to his discovery letter dated December 12, 2007.

In point of fact, we responded to his letter on December 13, 2007 and we believe that our response resolves all of the issues therein.

If Mr. Wright had telephoned us (as is required by the rules of this Court) before writing to the Court he would have known that our response had already been sent to him.

For example, he complains that we have not responded to his requests to inspect the cargo, when in fact we have responded on numerous occasions and in our letter of December 13, 2007 gave him the telephone number to call (since the cargo is being held by a third-party) and told him he can inspect it any time he wishes so long as he gives us reasonable notice any pays the cost of inspection.

Our office is closed from December 24 to January 2, but if anything remains to be considered by the Court in January we would be happy to address such

issues. However, we do believe that our letter of December 13, 2007 resolves any outstanding discovery issues, and we would expect that Mr. Wright would review it and take up any remaining issues with us directly before contacting the Court again in this modest-sized case.

Thank you for your consideration.

Respectfully yours,

David T. Maloof

cc: **via Facsimile**
George W. Wright, Esq.
George W. Wright & Associates, LLC
Tel: (201) 343-8869

DTM/bm

F:\WP-DOCS\2202.04\121907 DTM Ltr to Mag Freeman.doc

# EXHIBIT "P"

## George Wright

| | |
|---|---|
| **From:** | dmaloof@maloofandbrowne.com |
| **Sent:** | Wednesday, December 19, 2007 6:01 PM |
| **To:** | George Wright |
| **Subject:** | Re: Fortis v. United Van Lines (Our Ref: 2202.04) WITHOUT PREJUDICE UNDER FRE 408 |

In the sdny, you can not write to the judge unless you call us. first. Letters do not suffice.

Please follow that rule from now on.

We would prefer not to have to seek ssnctions. But you must follow the court rules.
Sent via BlackBerry by AT&T

-----Original Message-----
From: "George Wright" <gwright@wright-associate.com>

Date: Mon, 3 Dec 2007 17:15:47
To:"David Maloof" <Dmaloofandbrowne.com>,"Todd Barton"
<tbarton@maloofandbrowne.com>
Subject: RE: Fortis v. United Van Lines (Our Ref: 2202.04) WITHOUT PREJUDICE UNDER FRE 408


If your case did not satisfy the jurisdictional amount, Judge Sweet would have dismissed it long ago.

We doubt that a premature settlement conference with the Magistrate would be productive if it is set before the third-party defendants appear in the case, or before plaintiff produces the goods for inspection.   In any event, we will comply with the Magistrate's rules.

We understand there is no package limitation and either a $5 or $10 per lb. per article limitation applies.  UVL reserves all defenses with respect to liability and damages. We expect to be in a better position to discuss both after the inspection and after the third party defendants' driver is interviewed or deposed.

Please confirm this week that plaintiff will comply with its Rule 34 obligation to produce the goods for inspection as soon as the third party defendants are in the case.   UVL and the third party defendants not going to pay $8,000 to inspect 14 items, but we are willing to recommend a reasonable hourly rate to stage the goods.

George W. Wright

-----Original Message-----
From: David Maloof [mailto:Dmaloof@maloofandbrowne.com]
Sent: Monday, December 03, 2007 11:46 AM
To: Todd Barton; gwright@wright-associate.com
Subject: RE: Fortis v. United Van Lines (Our Ref: 2202.04) WITHOUT PREJUDICE UNDER FRE 408


As you know, Judge Sweet has indicated that he wants this case (which is less than the normal jurisdictional amount to even be in federal court) settled as soon as possible. A settlement conference with Magistrate Judge Freeman will be held shortly. We will be forwarding discovery responses this week.
Now that there is no package limit, the issue is what are the remaining defenses? I know that you claim that the packaging was poor and that this caused the loss but as the photos upon delivery show that the cargo was not strapped (although required to be). It is simply impossible to now with hindsight to claim that the packaging was the sole cause the loss. So our client will not consider any discount related  to liability issues.
Please confirm this week as follows:
1. That you and your client will personlly appear at the settlement conference, and not send an associate who has no authority to discuss the issues.
2. That if you still wish to inspect the damage cargo for the third time, you will

1

complete that before the conference.
3. What material damages issues really exist and which you wish us to address in advance of the conference so that we can have fruitful negotiations and bring this claim to a prompt resolution.
Thank you.
Sincerely,
David T. Maloof
Maloof Browne & Eagan LLC
411 Theodore Fremd Avenue
Rye, New York 10580
Telephone (914) 921-1200
Fax (914) 921-1023
E-Mail: dmaloof@maloofandbrowne.com <mailto:dmaloof@maloofandbrowne.com <mailto:dmaloof@maloofandbrowne.com> >
This email contains information that is confidential, attorney-client privileged, attorney work-product and/or that is otherwise privileged or protected.  The contents of this email are intended only for the recipient(s) listed above.  If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission.  If you have received this email in error, please notify the sender immediately and delete the transmission.  Delivery of this message is not intended to waive any applicable privileges.  This email is sent on a without prejudice basis and all contents are subject to client approval before becoming binding.


    -----Original Message-----
From:    Todd Barton
Sent:    Friday, November 30, 2007 3:57 PM
To:      'gwright@wright-associate.com'
Cc:      David Maloof
Subject:      Fortis v. United Van Lines (Our Ref: 2202.04) WITHOUT PREJUDICE UNDER FRE 408
Mr. Wright,
Dave Maloof asked me to write to you regarding the transportation agreement United Van Lines entered into with AGFA on November 12, 2004.  Item 08 of this agreement, labeled "Carrier's Liability," declares a released value of $10.00 for displays and exhibits.  In addition, Item 07 reads as follows: "To the extent any such document [including bills of lading] shall contain matters which conflict with this Agreement or any part thereof, the terms of this Agreement shall govern."  So the contract controls over the bill of lading.  These provisions in the master agreement between UVL and AGFA would make the package limitation for Truck #5 alone $67,500.00, well above the claim amount.  With the package limitation out, we must insist on a higher settlement figure going forward.
Regards,
Todd A. Barton
Maloof, Browne & Eagan, LLC
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
Phone (914) 921-1200  Fax (914) 921-1023
tbarton@maloofandbrowne.com


This email contains information that is confidential, attorney-client privileged, attorney work-product and/or that is otherwise privileged or protected.  The contents of this email are intended only for the recipient(s) listed above.  If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission.  If you have received this email in error, please notify the sender immediately and delete the transmission.  Delivery of this message is not intended to waive any applicable privileges.  This email is sent on a without prejudice basis and all contents are subject to client approval before becoming binding.

# EXHIBIT "Q"



*Attorneys At Law*

# GEORGE W. WRIGHT
# & ASSOCIATES, LLC

George W. Wright*
Narinder S. Parmar*
Peter J. Fabriele*>

Lisa Waxman Davis^†
Kevin Foley*†

December 20, 2007

### VIA FACSIMILE (212-805-4258)

Hon. Debra C. Freeman, U.S.M.J.
United States Courthouse
500 Pearl Street, Room 525
New York, NY 10007

Re:    **Fortis Corporate Insurance, N.V. v. United Van Lines, LLC**
       **Civil Action No. 07-CV-4050 (RWS) (DCF)**
       **Our File No. 11625**

Dear Magistrate Freeman:

We respond to the letter, dated December 19, 2007, from plaintiff's counsel to the Court concerning defendant United Van Lines, LLC's ("United's") outstanding discovery requests to plaintiff.

Although our December 12, 2007 good faith letter to plaintiff's counsel clearly advised our intention to apply to the Court if we received no response by the close of December 19, we had received no written or telephonic response to our letter as of yesterday. There is no rule requiring counsel to call a defaulting party to plead for compliance with discovery before applying to the Court.

*New Jersey*
Continental Plaza
401 Hackensack Avenue
Hackensack, NJ 07601
T 201.342.8884
F 201.343.8869

*New York*
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005
T 212.483.8266
F 212.483.0971

www.wright-associate.com

Although virtually all of our communications have been via e-mail, we finally received today by regular mail plaintiff's counsel's December 13, 2007 letter that purportedly resolves all outstanding discovery disputes. As expected, though, plaintiff refuses to produce in New York any of its representatives identified in United's deposition notice. Plaintiff even declines to produce a designated representative of its own insured, Agfa Corp. With respect to United's outstanding document requests, plaintiff merely repeats its statement that documents "will be produced" without any timetable.

†*Of Counsel*
°*Member NJ & NY Bars*
^*Member NY Bar*
>*Member Washington DC Bar*

Plaintiff's strategy is nowhere more apparent than in its attempt to thwart United's request for a Rule 34 inspection of the shipment. Although United has been requesting an inspection since August, plaintiff now advises that its



"third-party" custodian cannot make the goods available until "mid-January 08" at the "earliest." Plaintiff identifies four (4) relevant cargo units, each weighing from 365 lbs. to 5,000 lbs. To make these four (4) units available to United's inspector, however, plaintiff's "third-party" is demanding that United pay "$6,000 to $8,000" to obtain crucial discovery in what plaintiff repeatedly characterizes as a "modest-sized case." This is pure and simple discovery obstruction.

With a March 5, 2008 discovery deadline looming, United cannot indulge plaintiff's "hide-the-ball" tactics. Absent a court order directing plaintiff to produce the shipment for inspection at a date, time and place certain and resolving the other matters, it is clear that the inspection will not occur and United's discovery requests will not be properly answered.

We are concerned that plaintiff's plan is to "run down the clock" on remaining discovery time to evade United's demands. We believe close supervision by the Court is needed to ensure plaintiff's compliance with discovery and respectfully request a discovery conference with counsel.

Thank you for your attention and consideration.

Respectfully submitted,

George W. Wright

GWW:ds

cc.    David T. Maloof, Esq. (Your File No. 2204.04)
       (Via E-Mail:  dmaloof@maloofandbrowne.com and Fax:  914-921-1023)

# EXHIBIT "R"

# MALOOF BROWNE & EAGAN LLC

DAVID T. MALOOF

411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580
Telephone (914) 921-1200
Telecopier (914) 921-1023
E-mail: dmaloof@maloofandbrowne.com

December 20, 2007

**Via Facsimile – 2 pages**

Honorable Debra Freeman
U.S. Magistrate Judge
U.S. Courthouse
40 Foley Square
New York, New York 10007
Fax: (212) 805-4258

| Re: | *Fortis Corporate Insurance N.V. v. United Van Lines, LLC* |
|---|---|
| Docket: | 07 Civ. 4050 (RWS)(DCF) |
| United Ref: | No. 10000000470 (UVL No.) |
| Our Ref: | 2202.04 |

Dear Magistrate Judge Freeman:

We are counsel for plaintiffs in the referenced matter.

We are extremely disappointed that while defense counsel now admits receiving our letter of December 13, he has once again written to the Court without first conferring with us as required by the local rules of this Court. This is the second time he has done this.

On that basis alone, we ask that the Court deny his application for a discovery conference.

Since this is the second intentional violation of the rules of this Court, we also ask the Court for our attorneys fees, for having to draft yesterday's letter and this letter.

If the Court were to get to the merits, it would learn that there is no legitimate discovery dispute because the requested documents have been produced, the witnesses are available, and the cargo is available for inspection upon a payment of the third party's time to coalate and present this machine, with a value of over $1 million, in a timely and safe manner. But again, the Court should not even consider this issue because Mr. Wright has not even once telephoned us to discuss it.

        We wish the Court, Mr. Wright, and all concerned a Merry Christmas and
a Happy New Year.

        Thank you for your consideration.

                                        Respectfully yours,

                                        David T. Maloof


cc: **via Facsimile**
George W. Wright, Esq.
George W. Wright & Associates, LLC
Tel: (201) 343-8869

DTM/bm

P:\WP-DOCS\2202.04\121907 DTM Ltr to Mag Freeman.doc

# EXHIBIT "S"



Attorneys At Law

GEORGE W. WRIGHT
& ASSOCIATES, LLC

George W. Wright*
Narinder S. Parmar*
Peter J. Fabriele*>

Lisa Waxman Davis^†
Kevin Foley*†

December 21, 2007

**VIA FACSIMILE (212-805-7925)**

Hon. Robert W. Sweet, U.S.D.J.
United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007-1312

Re:    **Fortis Corporate Insurance, N.V. v. United Van Lines, LLC**
       **Civil Action No. 07-CV-4050 (RWS) (DCF)**

Honorable Sir:

We are counsel for defendant United Van Lines, LLC ("United") in the above matter and are writing to request the Court's direction with respect to certain discovery disputes between plaintiff and United.

On December 19, 2007, we wrote to Magistrate Judge Debra C. Freeman to request her assistance in resolving the parties' discovery disputes. During a telephone conference this afternoon with counsel, however, Magistrate Freeman advised us that her authority under the Order of Reference, dated November 29, 2007, is limited to settlement conferencing.

Accordingly, we would greatly appreciate the Court's guidance in resolving the above issues.

Thank you for your attention and consideration.

Respectfully submitted,

*George W. Wright*

George W. Wright

GWW:ds

cc.   David T. Maloof, Esq. (Your File No. 2204.04)
      (Via E-Mail: dmaloof@maloofandbrowne.com and Fax: 914-921-1023)

*New Jersey*
Continental Plaza
401 Hackensack Avenue
Hackensack, NJ 07601
T 201.342.8884
F 201.343.8869

*New York*
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005
T 212.483.8266
F 212.483.0971

www.wright-associate.com

†*Of Counsel*
*Member NJ & NY Bars
^Member NY Bar
>Member Washington DC Bar

# EXHIBIT "T"

# MALOOF BROWNE & EAGAN LLC

*411 Theodore Fremd Avenue - Suite 190*
*Rye, NY 10580*
*Tel: (914) 921-1200*
*Fax: (914) 921-1023*

## FAX TRANSMISSION COVER SHEET

**Date:** ~~October 8, 2007~~  12/27/07

**To:** Hon. Robert W. Sweet

**Company:** United States District Court for the Southern District of New York

**Fax:** (212) 805-7925

**Re:** Fortis Corp. Ins., N.V. v. United Van Lines, LLC, No. 07-Civ.-4050

**Sender:** David T. Maloof, Ciounsel for Plaintiff

**Cc:** George W. Wright, Attorney for Defendant - 201-343-5869

*YOU SHOULD RECEIVE 1 PAGES, INCLUDING THIS COVER SHEET. IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL (914) 921-1200.*

Our office is closed until January 2nd, but we can briefly respond to Mr. Wright's eve of holiday letter by advising that Mr. Wright has failed, despite multiple requests, to telephone us even one time as required by the Local Rules concerning what he describes as "discovery disputes." He even filed to telephone us after Magistrate Freeman directed that he do so on Friday as part of her initial settlement conference.

We will telephone Mr. Wright once again upon our return to the office on January 2nd and we are quite certain that these so-called "disputes" can be worked out and/or that the case can be settled during our next conference with Magistrate Freeman on January 23rd if we all proceed in good faith. We will notify the Court if that is not the case.

Merry Christmas! Thank you.

[THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS SUBJECT TO ATTORNEY-CLIENT PRIVILEGE OR IS ATTORNEY WORK PRODUCT AND IS CONFIDENTIAL INFORMATION INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYER OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION OR ANY OF THE INFORMATION IN IT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA OVERNIGHT MAIL AT OUR EXPENSE. THANK YOU

# EXHIBIT "U"

**George Wright**

| | |
|---|---|
| **From:** | David Maloof [Dmaloof@maloofandbrowne.com] |
| **Sent:** | Thursday, January 03, 2008 5:44 PM |
| **To:** | George Wright |
| **Subject:** | RE: Fortis v. UVL; Outstanding discovery requests and Inspection dates. |

Why assume the worst in human nature? Read my bio on the web. I am an
extraordinarily successful lawyer who could retire today, except that I
have to complete a $35 million case first with a trial this Spring!

I am not running out the clock in this minor matter. If you need more
time for discovery, we will stipulate. We really don't care!

Why personalize such a simple cargo damage case? Isn't life more
meaningful than that?

This tiny case will be resolved on the merits just like all the others!


Sincerely,

David T. Maloof
Maloof Browne & Eagan LLC
411 Theodore Fremd Avenue
Rye, New York  10580
Telephone (914) 921-1200
Fax (914) 921-1023
E-Mail: dmaloof@maloofandbrowne.com <mailto:dmaloof@maloofandbrowne.com>

This email contains information that is confidential, attorney-client
privileged, attorney work-product and/or that is otherwise privileged or
protected.  The contents of this email are intended only for the
recipient(s) listed above.  If you are not the intended recipient, you
are directed not to read, disclose, distribute or otherwise use this
transmission.  If you have received this email in error, please notify
the sender immediately and delete the transmission.  Delivery of this
message is not intended to waive any applicable privileges.  This email
is sent on a without prejudice basis and all contents are subject to
client approval before becoming binding.



-----Original Message-----
From: George Wright [mailto:gwright@wright-associate.com]
Sent: Thursday, January 03, 2008 5:31 PM
To: David Maloof
Subject: RE: Fortis v. UVL; Outstanding discovery requests and
Inspection dates.


More delays?  How surprising.

I recall that Magistrate Freeman, for one, insisted on no speakerphone
last week.  For the same reason, I make it my business to avoid it.
Let's keep everything in writing.

George W. Wright

-----Original Message-----
From: David Maloof [mailto:Dmaloof@maloofandbrowne.com]
Sent: Thursday, January 03, 2008 2:59 PM
To: George Wright
Subject: RE: Fortis v. UVL; Outstanding discovery requests and

Inspection dates.

We are seeking further info re the inspection costs. So let's talk next week.

In 25 years, no one else has ever insisted on no speaker phones. Sorry, but how I use my phone is my business.

Sincerely,

David T. Maloof
Maloof Browne & Eagan LLC
411 Theodore Fremd Avenue
Rye, New York  10580
Telephone (914) 921-1200
Fax (914) 921-1023
E-Mail: dmaloof@maloofandbrowne.com <mailto:dmaloof@maloofandbrowne.com>

This email contains information that is confidential, attorney-client privileged, attorney work-product and/or that is otherwise privileged or protected.  The contents of this email are intended only for the recipient(s) listed above.  If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission.  If you have received this email in error, please notify the sender immediately and delete the transmission.  Delivery of this message is not intended to waive any applicable privileges.  This email is sent on a without prejudice basis and all contents are subject to client approval before becoming binding.

-----Original Message-----
From: George Wright [mailto:gwright@wright-associate.com]
Sent: Thursday, January 03, 2008 1:16 PM
To: David Maloof
Subject: RE: Fortis v. UVL; Outstanding discovery requests and Inspection dates.


Mr. Maloof:

As lead counsel for plaintiff, please call me tomorrow at 10:30am (no speakerphones on either end).

George W. Wright

-----Original Message-----
From: David Maloof [mailto:Dmaloof@maloofandbrowne.com]
Sent: Thursday, January 03, 2008 12:23 PM
To: Todd Barton
Cc: George Wright; lchang@wright-associate.com
Subject: RE: Fortis v. UVL; Outstanding discovery requests and Inspection dates.


We prefer to have the conversation with Mr. Wright, as he is lead counsel in this matter.

If possible, please advise his availability. Thank you.

Sincerely,

David T. Maloof
Maloof Browne & Eagan LLC
411 Theodore Fremd Avenue
Rye, New York  10580

Telephone (914) 921-1200
Fax (914) 921-1023
E-Mail: dmaloof@maloofandbrowne.com <mailto:dmaloof@maloofandbrowne.com>

This email contains information that is confidential, attorney-client
privileged, attorney work-product and/or that is otherwise privileged or
protected.  The contents of this email are intended only for the
recipient(s) listed above.  If you are not the intended recipient, you
are directed not to read, disclose, distribute or otherwise use this
transmission.  If you have received this email in error, please notify
the sender immediately and delete the transmission.  Delivery of this
message is not intended to waive any applicable privileges.  This email
is sent on a without prejudice basis and all contents are subject to
client approval before becoming binding.


-----Original Message-----
From: Todd Barton
Sent: Thursday, January 03, 2008 12:19 PM
To: David Maloof
Cc: George Wright; 'lchang@wright-associate.com'
Subject: RE: Fortis v. UVL; Outstanding discovery requests and
Inspection dates.


Dave,

For your guidance.

Todd A. Barton
Maloof, Browne & Eagan, LLC
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
Phone (914) 921-1200  Fax (914) 921-1023
tbarton@maloofandbrowne.com

This email contains information that is confidential, attorney-client
privileged, attorney work-product and/or that is otherwise privileged or
protected.  The contents of this email are intended only for the
recipient(s) listed above.  If you are not the intended recipient, you
are directed not to read, disclose, distribute or otherwise use this
transmission.  If you have received this email in error, please notify
the sender immediately and delete the transmission.  Delivery of this
message is not intended to waive any applicable privileges.  This email
is sent on a without prejudice basis and all contents are subject to
client approval before becoming binding.


-----Original Message-----
From: Lee W. Chang [mailto:lchang@wright-associate.com]
Sent: Thursday, January 03, 2008 12:16 PM
To: Todd Barton
Cc: George Wright
Subject: Re: Fortis v. UVL; Outstanding discovery requests and
Inspection dates.
Importance: High


Dear Mr. Barton,

Following our telephone discussion today, January 2, 2008, during which
you
requested a conference call this Friday to resolve discovery and
inspection

3

issues, I checked my calendar and you are welcome to call me any time
tomorrow or Friday, January 4, 2008, to discuss plaintiff's outstanding
discovery responses in an effort to avoid motion practice.

Thank you for your attention.

Yours truly,

Lee
Lee W. Chang

George W. Wright & Associates, LLC
Continental Plaza
401 Hackensack Ave.
Hackensack, NJ 07601
T: 201.342.8884
F: 201.343.8869

Wall Street Plaza
88 Pine Street, 7th Fl.
New York, NY 10005
T: 212.483.8266
F: 212.483.0971

lchang@wright-associate.com
Http://www.wright-associate.com

The information contained in this E-mail message is
privileged,confidential
and may
be protected from disclosure.  Any other use, printing, copying,
disclosure
or dissemination of this communication may be subject to legal
restriction
or sanction. If you believe that you have received this E-mail message
in
error, please reply to the sender.  This E-mail message and any
attachments have been scanned for viruses and are believed to be free of
any
virus
or other defect that might affect any computer system into which it is
received and opened.  It is the responsibility of the recipient,
however,
to ensure that this E-mail message is virus free and no responsibility
is
accepted by George W. Wright & Associates, LLC for any loss or damage
arising in any way from its use.