UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FORTIS CORPORATE INSURANCE, N.V.,

Plaintiff,

- against –

UNITED VAN LINES, LLC,

Defendant.

UNITED VAN LINES, LLC,

Third-Party Plaintiff,

- against –

TRW TRUCKING, LLC n/k/a SPORTS ASSOCIATED, INC., and SPORTS ASSOCIATED, INC.

Third-Party Defendants.

Civil Action No. 07 Civ. 4050 (RWS)(DCF)

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

GEORGE W. WRIGHT & ASSOCIATES, LLC
Attorneys for Defendant
UNITED VAN LINES, LLC
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005
(212) 483-8266

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | i |
| PRELIMINARY STATEMENT | | 1 |
| LEGAL ARGUMENTS | | 1 |
| POINT I: | PLAINTIFF HAS FAILED TO RESPOND TO UNITED'S INTERROGATORY NOS. 2 AND 7 WITHOUT ANY SUFFICIENT BASIS FOR OBJECTION | 1 |
| POINT II: | PLAINTIFF HAS FAILED TO PROPERLY RESPOND TO UNITED'S DOCUMENT REQUESTS | 3 |
| POINT III: | PLAINTIFF SHOULD BE COMPELLED TO PRODUCE THE SUBJECT GOODS FOR INSPECTION | 4 |
| POINT IV: | PLAINTIFF SHOULD BE ORDERED TO COMPLY WITH UNITED'S DEPOSITION NOTICES | 5 |
| POINT V: | AS UNITED HAS ATTEMPTED TO RESOLVE ALL DISCOVERY DISPUTES IN GOOD FAITH AND PLAINTIFF'S FAILURE TO PROVIDE DISCOVERY IS NOT SUBSTANTIALLY JUSTIFIED, UNITED IS ENTITLED TO COUNSEL FEES | 6 |
| CONCLUSION | | 8 |

# TABLE OF AUTHORITIES

**CASES**


| | **Page** |
|---|---|
| A.I.A. Holdings, S.A. v. Lehman Bros., Inc., 2002 WL 1041356 (S.D.N.Y. 2002) | 6 |
| Daly v. Delta Airlines, Inc., 1991 WL 33392 (S.D.N.Y. 1991) | 6 |
| Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978) | 6 |
| The Bank of New York v. Meridien Biao Bank Tanzania Ltd, 171 F.R.D. 135 (S.D.N.Y. 1997) | 5, 6 |
| U.S. v. Stein, 488 F.Supp.2d 350 (S.D.N.Y. 2007) | 4 |


**COURT RULES**


| | |
|---|---|
| Fed.R.Civ.P. 26 | 1, 2, 5 |
| Fed.R.Civ.P. 30(b)(6) | 6 |
| Fed.R.Civ.P. 34 | 3, 4 |
| Fed.R.Civ.P. 37 | 1, 6, 7, 8 |
| Local Civ. Rule 33.3 | 1, 2, 3 |

## PRELIMINARY STATEMENT

This Brief is submitted on behalf of defendant UNITED VAN LINES, LLC, ("UNITED") in support of its motion for an Order pursuant to Fed.R.Civ. P. 37 compelling plaintiff to comply with UNITED's discovery requests and granting UNITED attorneys fees and costs on this motion.

## LEGAL ARGUMENTS

### POINT I

### PLAINTIFF HAS FAILED TO RESPOND TO UNITED'S INTERROGATORY NOS. 2 AND 7 WITHOUT ANY SUFFICIENT BASIS FOR OBJECTION

Plaintiff's unverified Interrogatory responses improperly object to UNITED's Interrogatory Nos. 2 and 7 which seek relevant information concerning the identities of certain knowledgeable persons and records custodians as authorized by Civ. Rule 33.3.

### A. UNITED's Interrogatory No. 2.

UNITED's Interrogatory No. 2 (Exhibit "A") states:

> Identify by name, address, and telephone number of each person involved in the packing, loading, unloading, unpacking and inspection of the shipment.

Plaintiff's response to Interrogatory No. 2 recites:

> Objection. The interrogatory is impermissible under Local Rule 33.3. The request also seeks information that is irrelevant or unlikely to lead to the discovery of admissible evidence. The request is also overbroad, and unduly burdensome, and seeks protected confidential information.
>
> Subject to objection, pursuant to FRCP 33(d) Plaintiff directs Defendant to those documents already produced by the parties, including the complete Impact Unlimited packing list.

In response to UNITED's request for a more specific response, plaintiff argued that its Rule 26 Initial Disclosures identifies all persons whose identities are requested in Interrogatory No. 2.

Plaintiff's objection is meritless and its contention that the identities of the persons requested in Interrogatory No. 2 were provided in its Rule 26 Initial Disclosure is erroneous.

Local Civil Rule 33.3 states in relevant part:

> (a) Unless otherwise ordered by the court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action…

Interrogatory No. 2 clearly complies with Local Civil Rule 33.3 as it seeks the names of witnesses with relevant information concerning "the packing, loading, unloading, unpacking and inspection of the shipment." That information is central to the liability and damages issues in this action which involves alleged damage to plaintiff's insured's goods during their interstate transportation by UNITED.

Plaintiff's attempt to evade Interrogatory No. 2 by referencing its Rule 26 Disclosure is unavailing because the documents produced do not reveal the identity of the individuals requested by UNITED in Interrogatory No. 2. Although plaintiff's Rule 26 Disclosure identifies several individuals by broad categories ("insurance," "damages," "cargo," "causes of the loss" and "transportation contract") UNITED cannot identify which of the individuals in question have specific knowledge of the subject areas listed in Interrogatory No. 2.

**B. <u>UNITED's Interrogatory No. 7.</u>**

Interrogatory No. 7 states:

> Set forth the names and present and/or last known address of all custodians and location of all documents identified in UNITED's First Request for Production of Documents to Plaintiff, dated July 6, 2007.

Plaintiff frivolously responds:

> Objection. The interrogatory is impermissible under Local Rule 33.3. The interrogatory is also overbroad and unduly burdensome.

> Subject to objection, all such documents not objected to have been or will be produced in response to Defendant's First Request for Production of Documents, served on Plaintiff on October 22, 2007.

Obviously, Interrogatory No. 7 does not violate Local Rule 33.3 which authorizes "seeking names of...custodian, location and general description of relevant documents..." Plaintiff fails to identify the custodian(s) of the records produced by plaintiff in response to UNITED's First Request for Production of Document.

UNITED respectfully requests that the Court order plaintiff to serve fully responsive verified answers to Interrogatory Nos. 2 and 7.

**POINT II**

**PLAINTIFF HAS FAILED TO PROPERLY RESPOND TO UNITED'S DOCUMENT REQUESTS**

Plaintiff has also failed to serve proper responses to UNITED's First Document Requests Nos. 2, 4-18, 20-22 and 24-28 and further failed to serve proper responses to any of the five (5) requests in UNITED's Second Document Requests.

When UNITED requested more specific responses to its Document Requests, plaintiff's counsel equivocally replied by letter, dated December 13, 2007, that "Plaintiff has already produced in its Responses to Defendant's discovery requests all of the documents that Plaintiff has stated will be produced. The objections were simply for the record" (emphasis added).

Plaintiff did not produce its documents "to correspond with the categories in the request" as required by Rule 34(a). Furthermore, plaintiff does not appear to have produced its relevant records as "they are kept in the usual course of business". Thus, UNITED cannot determine whether plaintiff's documents were produced in response to its above-mentioned Document Requests.

Plaintiff's counsel's November 26, 2007 e-mail to Agfa Corp.'s non-party shipping agent Impact Unlimited instructing it "*not*" to produce certain documents marked "OBJ" casts substantial doubt on whether plaintiff has produced all responsive documents. Indeed, plaintiff may be willfully suppressing relevant documents as suggested by the tenor of its e-mail to its insured's agent.

In sum, plaintiff's objections to UNITED's Document Requests are entirely without merit. UNITED respectfully requests that the Court order plaintiff to produce all responsive documents, organized to correspond with the categories set forth in UNITED's First and Second Document Requests.

**POINT III**

**PLAINTIFF SHOULD BE COMPELLED TO PRODUCE THE SUBJECT GOODS FOR INSPECTION**

Since August, 2007, UNITED has made numerous written requests to plaintiff's counsel for an inspection of the goods that are the subject of this subrogation action. Plaintiff evasively contends it is only an insurer, does not "presently possess" the goods and that the goods are in the possession of its insured's shipping agent, Impact Unlimited. Plaintiff further advises UNITED will have to pay Impact Unlimited up to $8,000 for the inspection of a dozen or so items in this $50,000 case.

As the subrogee of its insured cargo owner, plaintiff has legal control over the goods and an obligation under Fed.R.Civ.P. 34 to produce them for inspection. Plaintiff's actual physical possession of the subject goods is not necessary to establish "control" over them for discovery purposes which is broadly construed by this Court. U.S. v. Stein, 488 F. Supp. 2d 350, 361 (S.D.N.Y. 2007). Treatment of both subrogor and subrogee as parties with a substantial

interest in litigation is proper where to do otherwise would frustrate discovery. The Bank of New York v. Meridien Biao Bank Tanzania Ltd., 171 F.R.D. 135, 148 (S.D.N.Y. 1997).

Here, plaintiff's document production reflects that most of the information and documents it has produced has been the result of its close cooperation with its insured's shipping agent, Impact Unlimited. As is clearly reflected in plaintiff's counsel's November 26, 2007 e-mail to Impact, plaintiff has enough clout with Impact to determine what documents Impact will or will "*not*" produce in this case. As Impact is closely cooperating with plaintiff, who seems to exert any "control" over Impact that plaintiff wants, UNITED respectfully requests that the Court order plaintiff to produce the allegedly damaged items for inspection on January 25, 2008.

The costs of inspection should be borne by plaintiff. The general rule is that a party must bear the "burden of financing his own suit." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 356 (1978). Accordingly, "the presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26 (c) to grant orders protecting him from "undue burden or expense"…". Id. at 358.

Plaintiff has not requested any protective order. In view of the intimate relationship between plaintiff and its insured's shipping agent, Impact Unlimited, as evidenced by Impact's close cooperation with plaintiff's counsel, plaintiff should be able to arrange the necessary inspection at a substantially reduced or no cost.

## POINT IV

## PLAINTIFF SHOULD BE ORDERED TO COMPLY WITH UNITED'S DEPOSITION NOTICES

UNITED served a Notice of Deposition to Plaintiff on December 12, 2007 requesting the depositions of plaintiff's and Agfa Corp.'s designated representatives having knowledge of (a) the condition of subject goods at the time of their receipt by UNITED in

Chicago, Illinois and the time of their delivery to Impact Unlimited and (b) the settlement of the subject claim between plaintiff and Agfa Corp. Plaintiff's counsel replied by letter, dated December 13, 2007, stating that Afga's deposition must be compelled by subpoena because Agfa is not the nominal plaintiff. Plaintiff further suggests that it may not produce its own Rule 30(b)(6) witness for a deposition in New York.

As a general rule, a plaintiff who brings suit in a particular forum may not avoid appearing for a deposition in that venue. A.I.A.. Holdings, S.A. v. Lehman Bros., Inc., 2002 WL 1041356, at *1(S.D.N.Y. 2002); Daly v. Delta Airlines, Inc., 1991 WL 33392, at *1 (S.D.N.Y. 1991) ["Absent showing of substantial hardship, and "in view of the fact that plaintiff chose to file his lawsuit here rather than Ireland, it is hardly unreasonable to expect that he make himself available in the district where he is litigating his million dollar claim"].

Plaintiff offers no justifiable ground for refusing to make its own knowledgeable representative available for a discovery deposition in New York. Furthermore, plaintiff should be required to produce a representative of its insured, Agfa Corp., for deposition. Bank of New York, supra.

It is respectfully requested that the Court order plaintiff to produce designated representatives of both plaintiff and its insured in New York, New York for depositions pursuant to UNITED'S Notice of Deposition, dated December 12, 2007.

**POINT V**

**AS UNITED HAS ATTEMPTED TO RESOLVE ALL DISCOVERY DISPUTES IN GOOD FAITH AND PLAINTIFF'S FAILURE TO PROVIDE DISCOVERY IS NOT SUBSTANTIALLY JUSTIFIED, UNITED IS ENTITLED TO COUNSEL FEES**

Fed. R. Civ. 37(a)(5) states in relevant part:

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court actions;
> (ii) the opposing party's nondisclosures, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

This motion does not involve a plaintiff inadvertently failing to provide responses to a few discovery requests, or even honest differences of opinion. Rather, this motion is necessitated by a systematic campaign by plaintiff to obstruct and evade most of UNITED's discovery requests. Plaintiff's tactics include: (1) serial frivolous objections to UNITED's discovery requests, (2) instructions to its insured's agent not to produce documents while feigning lack of control over that agent to thwart UNITED's inspection requests and (3) baseless sanction threats against counsel for allegedly violating non-existent Local Civil Rules. If Rule 37(a) (5)(A) sanctions should ever be granted, this is the case.

Plaintiff's failure to conduct discovery may well be due, at least in part, to its failure to conduct a proper investigation before and after filing this action. For example, the Complaint alleges that plaintiff has sustained damages "in a sum estimated to be up to or exceeding U.S. $60,000" (¶¶ 9, 12) and further alleges a specific amount of $59,094.00 in damages (¶¶ 15, 18). Plaintiff has further represented to UNITED in this action that the allegedly damaged items were still in a damaged condition and produced only estimates of the

repair costs. On January 7, 2008, however, plaintiff advised UNITED for the first time that the subject goods were actually repaired in 2006 and that the repair costs totaled $50,134.50. Prior to filing its Complaint, plaintiff should have known that the goods had been repaired and that its provable repair costs are substantially less than alleged in the Complaint.

UNITED respectfully requests that the Court award defendant its reasonable expenses incurred in making this motion, including attorney's fees. As UNITED will not be able to ascertain its total fees and expenses incurred on this motion until after oral argument, it is respectfully requested that the Court permit UNITED to submit an affidavit of expenses within ten (10) days after argument if its application for expenses is granted.

## CONCLUSION

The motion of defendant UNITED VAN LINES, LLC for an Order pursuant to Fed.R.Civ. P. 37: (a) requiring plaintiff to serve complete verified responses to Defendant's First Set of Interrogatories to Plaintiff, dated July 6, 2007; (b) requiring plaintiff to serve complete responses to Defendants' First Document Request, dated July 6, 2007, and Second Document Request to Plaintiff, dated November 13, 2007; (c) requiring plaintiff to produce the goods that are the subject of this action for defendant's inspection; (d) requiring plaintiff to produce plaintiff's and its insured's designated representatives for depositions in New York, New York pursuant to defendant's Notice of Deposition, dated December 12, 2007 and (e) granting UNITED attorneys fees and costs on this motion, should be granted in its entirety.

Dated: New York, New York
January 8, 2008

By: George W. Wright
GEORGE W. WRIGHT