DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FORTIS CORPORATE INSURANCE, N.V.,       : | **ECF Case** |
| *Plaintiffs,*        : | |
|         | 07 Civ. 4050 (RWS) (DCF) |
| - against -       : | |
|         | |
| UNITED VAN LINES, LLC,       : | |
|         | **NOTICE OF MOTION** |
| *Defendants,*       : | **TO EXTEND TIME** |
|         | **TO RESPOND TO MOTION** |
|         | |
| UNITED VAN LINES, LLC,       : | |
|         | |
| *Third-Party Plaintiff,*       : | |
|         | |
| - against -       : | |
|         | |
| TRW TRUCKING, LLC n/k/a SPORTS       : | |
| ASSOCIATED, INC. and         | |
| SPORTS ASSOCIATED, INC.       : | |
|         | |
| *Third-Party Defendants.*       : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PLEASE TAKE NOTICE THAT, upon the annexed affidavit of Thomas M. Eagan, Esq. and the accompanying Memorandum of Law, and upon all prior proceedings had herein, Plaintiff Fortis Corporate Insurance, N.V. ("Fortis"), through undersigned counsel, will move this Court before the Honorable Robert W. Sweet, United States District Judge, in the United States Courthouse, 500 Pearl Street, Room 1920, New York, New York 10007, on

Wednesday, January 23, 2008 at 12:00 noon, or as soon thereafter as counsel may be heard, for an Order pursuant to F.R.C.P. 6 extending for two weeks Plaintiff's time to respond to Defendant United Van Lines, LLC's ("United") Motion to Compel from Monday, January 14, 2008 until January 28, 2008.

Dated: Rye, New York
January 11, 2008

MALOOF BROWNE & EAGAN LLC

By    s/ Thomas M. Eagan
   David T. Maloof  (DM 3350)
   Thomas M. Eagan (TE 1713_
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10581-1411
Tel: (914) 921-1200
Fax: (914) 921-1023
E-mail: dmaloof@maloofandbrowne.com
teagan@maloofandbrowne.com

*Attorneys for Plaintiffs Great American Insurance Company of New York and Novartis Pharmaceuticals Corporation.*

TO:

George W. Wright
George W. Wright & Associates, LLC
Continental Plaza
401 Hackensack Avenue, 7th Floor
Hackensack, NJ 07601
Tel: (201) 342-8884
Fax: (201) 343-8869
Email: gwright@wrightassociate.com
*Attorney for Defendant United Van Lines, LLC*

F://WP-Docs/2202.04/011008 Notice of Cross-Motion (Rev).doc

DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

FORTIS CORPORATE INSURANCE, N.V.,   :

        *Plaintiff,*   :   07 Civ. 4050 (RWS)(DCF)

    - against -   :   **AFFIDAVIT OF SUPPORT OF MOTION TO EXTEND TIME TO RESPOND TO MOTION TO COMPEL**

UNITED VAN LINES, LLC,   :

        *Defendant,*   :

           :

UNITED VAN LINES, LLC,

        *Third-Party Plaintiff,*   :

    - against -   :

TRW TRUCKING, LLC n/k/a SPORTS   :
ASSOCIATED, INC. and
SPORTS ASSOCIATED, INC.   :

        *Third-Party Defendants.*   :

------------------------------------x

STATE OF NEW YORK    )
                            :ss.:
COUNTY OF WESTCHESTER  )

    Thomas M. Eagan, being duly sworn, deposes and says:

1.  I am partner in the law firm Maloof Browne & Eagan LLC, attorney for the Plaintiff in this matter. I have been admitted to and practiced in the Southern District of New York since March, 1983.

2.  I submit this affidavit in support of Plaintiff's motion to briefly extend the time to respond to Defendant's motion to compel discovery from January 14, 2008 to January 28, 2008.

3.  Unfortunately, Defendant United Can Lines ("UVL") would not agree to this short extension, forcing us to file a formal motion--the first time that we have to file a motion to obtain a routine extension in many years.

4.  This is a small ($50,000) cargo damage matter. Normally, this type of case involves a routine exchange of documents, perhaps one or two depositions (if that is even necessary), further informal document exchanges, and then an amicable settlement. Between us, my partner and I have amicably settled literally hundreds of similar cases over a combined 50 years of experience in this same Honorable Court.

5.  Unfortunately, this $50,000 case--in its short life span of just a few months-- has been anything but routine: Here are just a few "lowlights":

- UVL has noticed and insists upon at least 7 depositions to start this small case.

- UVL is moving to compel our insurance adjusters--who have virtually no personal knowledge about the case--to immediately fly here from Europe to be deposed.

- UVL has served extensive interrogatories in direct violation of the SDNY local Court Rules.

- After notifying UVL that we would be away during Christmas week, UVL filed two (letter) applications to compel discovery that week, without first conferring with us as required by the F.R.C.P., and forcing a member of our firm to return from his vacation.

2

- UVL failed to confer with us by telephone before filing its discovery applications.

- UVL filed the instant motion to compel without first obtaining Court approval, as required by L.R. 37.2.

- UVL has insisted that all telephone conferences in this small case be tape recorded

6. We have tried to talk to speak firmly to persuade UVL's counsel to end this pattern of conduct--to absolutely no avail.

7. The primary reason why the short extension is needed on the motion to compel is because Plaintiff's counsel is in the midst of preparing an amended complaint and expert disclosures in a $35 million case which, by Court Order, are due not later than January 22, 2008.

8. In addition, the referenced case was referred by this Honorable Court for settlement to Honorable Magistrate Judge Debra Freeman. An initial telephone settlement conference was held with Judge Freeman in December and a follow-up conference is scheduled for January 25, 2008, and we remain hopeful that the case will settle at that time, avoiding all motion practice.

9. In fact, we received a telephone call yesterday from counsel for TRW Trucking, LLC who advised that if we can send them the claim supports he is interested in treying resolving this matter without further discovery. The claim supports were sent out yesterday and we remain hopeful that as a result thereof this whole case will be resolved. Thus, we are hopeful that within the time of this extension the case will in fact be settled, thus eliminating the need for any motion practice.

10. An additional reason for the request for the extension of time to respond to Defendant's motion to compel discovery is that Plaintiff has been attempting, without prejudice to the adequacy of its initial responses, to revise its discovery responses so as to meet and satisfy, e.g.,

3

Defendant's numerous "technical" complaints. For example, even though Plaintiff made a detailed document production, Defendant complained that it was not itemized by each document request category. Rather than argue about that, we are in the process of preparing a new response. Similarly, given that interrogatories are generally very limited in the Southern District of New York, Plaintiff justifiably objected to most of Defendant's interrogatories. Defendant has complained that two of its interrogatories may in fact be permissible even in this District. Rather than argue about that, Plaintiff is in the process of drafting revised interrogatory responses with respect to those two interrogatories. Granting the extension of time will provide Plaintiff the time to go above and beyond its technical obligations so as to render moot many of Defendant's concerns, which will greatly streamline the motion to compel, and whatever issues the Court may in the end have to resolve. It is also worth noting, again, that the said motion to compel was filed without Court approval as required by F.R.C.P. 37.2 and without first conferring on the telephone with opposing counsel, making it of dubious merit to begin with.

11. No previous request for this extension has been made. Our adversary, Defense Counsel for United Van Lines LLC, has declined to consent to this extension, citing the fact that discovery in the case was originally scheduled to be completed on March 3, 2008. In point of fact, however, both sides have already stipulated to an extension of time to complete discovery to May 15, 2008 for the Court's consideration. There will be no prejudice as a result of this short extension.

WHEREFORE, Plaintiff, Fortis Corporate Insurance, N.V., respectfully requests that this honorable Court grant Plaintiff the short adjournment of time requested from January 14, 2008 to January 28, 2008 to respond to the pending motion.

Dated: Rye, New York
       January 11, 2008

_____
Thomas M. Eagan

4

Sworn to before me this
11th day of January, 2008

_____
Notary Public

BENJAMIN J. MOLLET
Notary Public, State of New York
No. 01MO6172574
Qualified in Westchester County
Commission Expires April 13, 2011

5

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that on January 11, 2008 a true and correct copy of the foregoing Notice of Motion to Extend Time to Respond to Motion, Affidavit of Support of Motion to Extend Time to Respond to Motion to Compel and Memorandum in Support of Plaintiff's Motion to Extend Time to Respond to Motion. Notice of this filing will be sent to the following parties, listed below, by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

George W. Wright
George W. Wright & Associates, LLC
Continental Plaza
401 Hackensack Avenue, 7th Floor
Hackensack, NJ 07601
Tel: (201) 342-8884
Fax: (201) 343-8869
Email: gwright@wrightassociate.com

By: /s/ Thomas M. Eagan

F://WP-Docs/2202.04/011108 TME Certificate of E-Service.doc