UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FORTIS CORPORATE INSURANCE, N.V., <br><br> Plaintiff, <br><br> - against – <br><br> UNITED VAN LINES, LLC, <br><br> Defendant. | Civil Action No. 07 Civ. 4050 (RWS)(DCF) <br><br> **AFFIDAVIT IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DISCOVERY MOTION** |
| UNITED VAN LINES, LLC, <br><br> Third-Party Plaintiff, <br><br> - against – <br><br> TRW TRUCKING, LLC n/k/a SPORTS ASSOCIATED, INC., and SPORTS ASSOCIATED, INC. <br><br> Third-Party Defendants. | |

STATE OF NEW JERSEY )
                    ) ss.:
COUNTY OF BERGEN    )

GEORGE W. WRIGHT, being duly sworn, deposes and says:

1. I am counsel for defendant UNITED VAN LINES, LLC ("UNITED") and I make this Affidavit in opposition to plaintiff's motion to extend its time to respond to UNITED's motion to compel discovery returnable January 16, 2008.

2. I was admitted to the Bar of this Honorable Court in 1980 after being sworn in by Hon. Robert W. Sweet, U.S.D.J.

3. I have since handled hundreds of cases before this Honorable Court, most of them involving admiralty and inland transportation matters.

4. I am a long-time member of several transportation law associations and a former Chairman of the Conference of Freight Counsel.

5. Therefore, I am well-acquainted with the practicalities favoring prompt resolution of cases, particularly relatively small matters like this one.

6. After filing an Answer on behalf of UNITED on June 28, 2007 (Doc.No. 5), we promptly served UNITED's initial written discovery requests on plaintiff on July 6, 2007. In addition, UNITED made its first of many written requests for an inspection of the subject property in August, 2007. Rather than cooperate with UNITED toward an expeditious resolution, however, plaintiff insisted that all discovery be deferred until after the first pre-trial conference which did not occur until November 28, 2007. Had plaintiff elected a more practical approach, this matter may well have been settled as early as September, 2007.

7. Instead, with only three (3) months of time remaining to complete discovery after the November 28, 2007 conference, plaintiff chose a strategy of obstruction necessitating UNITED's pending motion.

8. Plaintiff's factual recitation in its Supporting Affidavit (¶¶5-10) contains inaccuracies and omits significant facts.

9. With respect to depositions, UNITED has noticed the depositions of designated representatives of plaintiff, its insured Agfa Corp. and three (3) representatives of Agfa's agent, Impact Unlimited, one (1) of whom is no longer available. UNITED has not noticed seven (7) depositions. Plaintiff fails to apprise the Court that prior to filing its Affidavit

in Support, UNITED offered to depose its Belgian witness by telephone provided plaintiff agrees to produce its relevant insurance documents in advance and fulfills its Rule 34 inspection duty.

10. With respect to UNITED's alleged "extensive interrogatories in direct violation of the S.D.N.Y. local Court Rules," UNITED actually served a grand total of seven (7) Interrogatories (Exhibit "A" to UNITED's moving Affidavit) of which UNITED has withdrawn five (5) Interrogatories and plaintiff has agreed to respond to two (2) Interrogatories.

11. Plaintiff contends that UNITED filed this motion in violation of Local Civil Rules supposedly requiring a pre-application good faith conference and court approval before an application. Plaintiff is mistaken on both counts. First, as set forth in UNITED's Motion to Compel Discovery, defendant complied with Civ.Rule 37.2 (Southern District Only) by arranging a pre-motion conference with Magistrate Judge Debra C. Freeman, which did not resolve the discovery disputes. Second, UNITED subsequently requested a pre-motion conference with District Judge Robert W. Sweet, although Judge Sweet's individual rules do not require pre-motion conferences. Plaintiff seems confused by Civ.Rule 37.3 (Eastern District Only) which requires a good faith conference "in person or by telephone," but that Rule does not apply to this Honorable Court.

12. Plaintiff argues that its counsel were forced to work on this case during Christmas week by UNITED. In reality, it was plaintiff's discovery obstruction and a looming March 5, 2008 discovery deadline that compelled UNITED to diligently continue its enforcement efforts after the parties' unsuccessful telephone conference with Magistrate Freeman on Friday, December 21, 2007.

13. In response to our letter, dated December 27, 2007, to Judge Sweet which was faxed and e-mailed to plaintiff's counsel, we received an e-mail from plaintiff's counsel

3

later that day complaining that he could not open our letter on his Blackberry and requesting us to re-fax the letter to a personal number in Connecticut. Although UNITED had no obligation whatever to re-fax its correspondence to plaintiff's counsel at home for his personal convenience, we did so early the next morning on December 28, 2007. Despite our courtesy, plaintiff's counsel sent an insolent e-mail personally addressed to my secretary who had just returned from her own vacation: "I asked you to resend Mr. Wright's leeters [sic] to a replacement fax number over the Holidays. Why wasn't this done?"

14. After plaintiff's counsel's abusive speakerphone conduct during the December 21, 2007 telephone conference with Magistrate Freeman, which she had to restrain, I privately requested counsel to agree that any further telephone discussions between our offices be conducted one-on-one with no speakerphones.

15. After plaintiff's counsel cancelled our agreed January 3, 2008 telephone conference to discuss discovery disputes, it was rescheduled on January 9, 2008. Only halfway through the call did plaintiff's counsel disclose they were using a speakerphone with one (1) of their partners remaining silently in the background without identifying himself until challenged. Shortly afterwards, plaintiff's lead partner declared during the discussion that I had "admitted" the reason for UNITED's Rule 37 motion was retaliatory, although I had made no such statement.

16. Later that day, we received a fax letter from plaintiff's counsel purporting to confirm my "representation" that UNITED's discovery motion was retaliatory. Furthermore, plaintiff's counsel's January 9 fax letter falsely stated that I had been "warned" about "improper conduct" by another federal court several months ago. In fact, I have never been "warned" or reprimanded by any court.

17. Recognizing the reason for plaintiff's counsel's double-team approach to telephone conferences, I wrote to them on January 10, 2008 advising we would not conduct any more telephone discussions by speakerphone and that any other verbal discussions would be recorded to avoid further mischaracterization of our statements.

18. UNITED's objection to plaintiff's motion to extend time to respond to defendant's pending motion to compel discovery is contingent on the Court's disposition of plaintiff's request for a discovery extension through May 15, 2008. In the event the March 5 discovery deadline is not extended and UNITED's motion to compel discovery is not adjudicated until on or after January 30, 2008, as requested by plaintiff, UNITED would then have only one (1) month in which to complete the extensive discovery remaining in this matter. Such a result would reward plaintiff's obstructionist tactics and severely prejudice UNITED and third-party defendant TRW TRUCKING, LLC. If, however, the Court grants the requested extension of discovery to May 15, 2008, UNITED would have no objection to adjourning its discovery motion to January 30, 2008.

_____<br>GEORGE W. WRIGHT

Sworn to before me this
14th day of January, 2008

_____
Notary Public

**DORIS SORAN**
**NOTARY PUBLIC OF NEW JERSEY**
My Commission Expires Dec. 3, 2011