UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FORTIS CORPORATE INSURANCE, N.V., | : Civil Action No.:07Civ.4050(RWS) |
| Plaintiff, | : |
| -against- | : |
| UNITED VAN LINES, LLC, | : |
| Defendant. | : THIRD PARTY ANSWER |
| UNITED VAN LINES, LLC, | : |
| Third-Party Plaintiff, | : |
| -against- | : |
| TRW TRUCKING, LLC n/k/a SPORTS ASSOCIATED, INC., and SPORTS ASSOCIATED, INC. | : |
| Third-Party Defendants. | : |

---

Third party defendant TRW Trucking, LLC ("TRW") as and for its answer to defendant and third-party plaintiff's UNITED VAN LINES, LLC's ("UNITED"), Third-Party Complaint, states, upon information and belief, as follows:

## **JURISDICTION**

1.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 1 of the complaint and refers all questions to the trial court at the time of trial.

2.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 2 of the complaint and refers all questions to the trial court at the time of trial.

## THE PARTIES

3. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 3 of the complaint

4. Denies each and every allegation contained in paragraph 4 of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 5 of the complaint.

## BACKGROUND FACTS

6. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 6 of the complaint and refers all documents to the court for their meaning, content and interpretation.

7. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 7 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 9 of the complaint.

## FIRST CAUSE OF ACTION
### (Indemnification)

10. In response to paragraph 10 of the complaint, defendant repeats and realleges each and every response to the allegations contained in paragraphs 1 through 9 as if set forth herein at length.

11. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 11 of the complaint and refers all questions of law to the trial court at the time of trial.

## SECOND CAUSE OF ACTION
### (Contribution)

12. In response to paragraph 12 of the complaint, defendant repeats and realleges each and every response to the allegations contained in paragraphs 1 through 11 as if set forth herein at length.

13. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 13 of the complaint and refers all questions of law to the trial court at the time of trial.

## THIRD CAUSE OF ACTION
### Corporate Successor

14. In response to paragraph 14 of the complaint, defendant repeats and realleges each and every response to the allegations contained in paragraphs 1 through 13 as if set forth herein at length.

15. Denies each and every allegation contained in paragraph 15 of the complaint.

16. Denies each and every allegation contained in paragraph 16 of the complaint.

17. Denies each and every allegation contained in paragraph 17 of the complaint.

## GENERAL PROVISION

1. Any and all allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

2.  Third party plaintiff has failed to state a cause of action against TRW.

### SECOND AFFIRMATIVE DEFENSE

3.  The Property that is the subject matter of the pleadings was accepted by TRW in accordance with, and subject to all the terms and conditions of all applicable contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein. TRW duly performed the terms and conditions on its part to be performed. TRW claims the benefit of all defenses accorded it by those contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein and any other applicable contracts under which the Cargo was transported, stored and/or handled.

### THIRD AFFIRMATIVE DEFENSE

4.  The liability of TRW, if any, is limited by the terms and conditions of any applicable contracts of carriage, contracts of storage, forwarding agreements, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein, statutes and/or regulation.

### FOURTH AFFIRMATIVE DEFENSE

5.  The claim against TRW is untimely pursuant to the applicable contract(s) and/or tariff(s) and/or statute(s).

## FIFTH AFFIRMATIVE DEFENSE

6. The loss and/or damage to the Cargo was caused by the intervening acts of plaintiff, third party plaintiff and/or third person(s) which could not be prevented by TRW through the exercise of reasonable care.

## SIXTH AFFIRMATIVE DEFENSE

7. This Court lacks jurisdiction over TRW.

## SEVENTH AFFIRMATIVE DEFENSE

8. To the extent that plaintiff and/or third party plaintiff seeks recovery for special damages, TRW is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

9. In the event that the plaintiff had not or has not any title or interest in the property that is the subject of this action, then the plaintiff is not the real party of interest herein and is not entitled to maintain this suit.

## NINTH AFFIRMATIVE DEFENSE

10. Upon information and belief, plaintiff and/or third party plaintiff has failed to mitigate damages.

## TENTH AFFIRMATIVE DEFENSE

11. The loss at issue was caused by an act or default of the shipper or its agents.

## ELEVENTH AFFIRMATIVE DEFENSE

12. TRW's liability, if any, herein is governed by the Interstate Commerce Commission Termination Act of 1995 (ICCTA), including the Carmack Amendment, and all state law claims are completely preempted by federal law.

## TWELETH AFFIRMATIVE DEFENSE

13. The damages alleged in the Complaint and/or third party complaint were caused by a pre-existing condition and/or other causes or conditions beyond the control of TRW and for which causes or conditions TRW has no liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

14. TRW hereby reserves all of its rights to amend this answer and/or supplement its Affirmative Defenses in accordance with any additional information developed during the course of discovery.

WHEREFORE, defendant TRW Trucking, LLC. demands judgment dismissing the third party complaint with prejudice, together with attorneys fees and costs; such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 15, 2008

SCHINDEL, FARMAN, LIPSIUS,
  GARDNER & RABINOVICH, LLP
Attorneys for Third Party Defendant TRW Trucking, LLC

By: _____
    Marc I. Kunkin, Esq.
14 Penn Plaza, Suite 500
New York, New York 10122
(212) 563-1710
Our File: 4175.0001

TO: David T. Maloof, Esq.
    Thomas M. Eagan, Esq.
    Maloof Browne & Eagan LLC
    411 Theodore Fremd Avenue, Suite 190
    Rye, NY 10580

George W. Wright, Esq.
George W. Wright & Associates, LLC
Continental Plaza
401 Hackensack Ave.
Hackensack, NJ 07601

Case 1:07-cv-04050-RWS   Document 23   Filed 01/15/2008   Page 7 of 8

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

I, Latoya Peterson, being duly sworn, states as follows: I am over 18 years of age, not a party to the within action, and reside at 14 Penn Plaza, Suite 500, New York, New York 10122. On January 15, 2008, I served the within **Third Party Answer** upon the person(s) or parties designated below by mailing a true and complete copy of same in a postage pre-paid envelope, and depositing same in a post office or official depository of the United States Postal Service within New York State, at the last known address of the addressee(s) as set forth herein.

TO: David T. Maloof, Esq.
Thomas M. Eagan, Esq.
Maloof Browne & Eagan LLC
411 Theodore Fremd Avenue, Suite 190
Rye, NY 10580

George W. Wright, Esq.
George W. Wright & Associates, LLC
Continental Plaza
401 Hackensack Ave.
Hackensack, NJ 07601

_____
Latoya Peterson

Sworn to before me this
15th day of January, 2008

_____
Notary Public

EDWARD FARMAN
Notary Public, State of New York
No. 02FA4789055
Qualified in Nassau County
Commission Expires Oct. 31, 2009